In the Matter of the Judicial Settlement of the Account of Proceedings of R. GARFIELD SNYDER, as Executor, etc., of ANNE MARIE GOEBEL, Deceased.

R. GARFIELD SNYDER, as Executor, etc., Claimant, Appellant; R. GARFIELD SNYDER, as Executor, etc., Respondent, and EMMA ZIEGLER and Others, Objectants, Respondents.

First Department, March 13, 1942.

*Alfred B. Nathan* of counsel [*J. Irving Friedman* with him on the brief; *Nathan, Mannheimer & Asche*, attorneys], for the appellant.

*Myles J. Lane*, for the respondents.

PER CURIAM. The sole objection to the check of $5,000 dated June 27, 1939, was that it had been obtained by appellant through undue influence. That was the only issue litigated. At the hearing ample evidence was produced by appellant showing that the check was freely and voluntarily given.

In surcharging appellant for the amount of the check because it had not been cleared through the decedent's bank prior to her death, the surrogate thus determined a question which had not been raised or presented by either party. As a consequence, appellant was denied the opportunity of meeting such an issue and of adducing evidence which might have shown that the check had been paid prior to the decedent's death. The affidavits submitted on the motion for a new hearing (263 App. Div. 978) indicate that substantial evidence to that effect was available.

We think that prejudicial error was committed by the surrogate in determining the validity of the check upon a ground which the parties did not urge. " Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." (*Wright* v. *Delafield*, 25 N. Y. 266, 270. See, also, *Southwick* v. *First National Bank of Memphis*, 84 N. Y. 420, 428; *McNeil* v. *Cobb*, 186 App. Div. 177; affd., 230 N. Y. 536.)

As to the other check for $5,000 dated July 7, 1939, and allegedly delivered to appellant within a few hours of decedent's death, we are of the view that the evidence would support a finding that there was no consideration for this check.

However, for the reason heretofore stated, a new hearing should be had at which appellant may be afforded ample opportunity of presenting proof upon all issues raised and upon the issues to be decided.

The decree so far as appealed from should be reversed and a new hearing ordered, with costs to the appellant to abide the event.

518

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

Decree, so far as appealed from, unanimously reversed and a new hearing ordered, with costs to the appellant to abide the event.