In the Matter of the Application of MARY C. SULLIVAN, as Administratrix with the Will Annexed of the Goods, Chattels and Credits Left Unadministered Which Were of JAMES J. SULLIVAN, Deceased, to Discover Property Withheld.*

MARTIN T. MANTON, Appellant; MARY C. SULLIVAN, as Administratrix, *c. t. a.*, etc., Petitioner, Respondent.

Second Department, May 4, 1942.

*James E. Denning,* for the appellant.

*Homer I. Harris,* for the respondent.

HAGARTY, J. The will of decedent, James J. Sullivan, was admitted to probate by the surrogate of the county of Kings and

* Revg. 177 Misc. 570.

letters testamentary thereon were issued on January 31, 1936, to the appellant and to Edward W. Sullivan, a brother of the decedent. On October 19, 1937, the widow, as residuary legatee, procured an order directing the executors to account. Appellant filed his account on January 24, 1938, and petitioned for its judicial settlement. Citation was issued to the widow. She filed objections on June 27, 1938. In two of these objections she charged the appellant with failure to include 1,902 shares of preferred stock of National Cellulose Corporation, hereinafter referred to as Cellulose, as assets of the estate. The appellant's account listed thirty-five shares. Thus, these objections were addressed to the difference of 1,867 shares.

On December 1, 1938, an order was made referring the issues created by all the objections to a referee to hear and determine. Hearings before the referee commenced on January 11, 1939, and continued from time to time to October 15, 1940. There were nine such hearings, during which the issue of ownership of the stock was extensively, if not completely, litigated between the appellant, who claimed that the shares belonged to him, and the widow, who claimed that they belonged to the decedent. Although the referee, at the hearing on October 15, 1940, had assumed that the case was concluded, the widow appeared by a new attorney and stated that she desired to submit additional proof. Adjournments were granted thereafter, in so far as this record discloses, to February 24, 1941.

On March 27, 1941, an order was made removing appellant as executor and revoking his letters. Thereafter, the other executor resigned and, by order made June 27, 1941, his letters were revoked. On June 30, 1941, the widow was appointed administratrix c. t. a. She has not intervened in the pending accounting proceeding in her official capacity. Instead, and on or about August 14, 1941, she instituted this discovery proceeding on her *ex parte* petition, alleging that appellant was withholding the Cellulose shares. An *ex parte* order was made on October 9, 1941, directing appellant to attend and be examined with respect to the matters set forth in the petition.

The parties make no contention with respect to the applicability of subdivision 4 of section 262 of the Surrogate's Court Act, which provides that upon a voluntary judicial settlement of the account of an executor there must be cited " The successor  *  *  *  in a case where the petitioner's letters have been revoked, or he has been removed  *  *  *." If the widow as administratrix c. t. a. is a necessary party thereunder, a supplemental citation should be issued. In the light of her knowledge of the existence of the

accounting proceeding, her duty to participate is plain, despite omission of a citation. We dispose of the appeal, however, upon the present assumption of the parties that the administratrix *c. t. a.* is not a necessary party to the accounting proceeding. (*Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 452, 453; *Matter of Goebel*, 263 App. Div. 516.)

The plea of " another action pending " will be entertained where the second action is identical with the first as to parties, cause of action and relief sought. If full relief can be obtained in the first proceeding, the second will not be permitted. (*Corporate Investing Co. v. Mt. Vernon M. P. Co., Inc.*, 206 App. Div. 273, 276.) " There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action." (*Colson v. Pelgram*, 259 N. Y. 370, 375.) The test, therefore, usually is whether a determination in the pending proceeding will be *res judicata* and a bar to the maintenance of a subsequent proceeding.

The petition for settlement of the account and the objections thereto interposed by the widow constitute the pleadings and define the issues. (*Matter of Hearns*, 214 N. Y. 426, 432; *Matter of Doelger*, 254 App. Div. 178, 182.) One issue so presented and again sought to be presented in the discovery proceeding is the same, namely, the ownership of specific shares of stock. That issue is triable both in the discovery proceeding (*Matter of Heim*, 255 App. Div. 1007) and in the accounting proceeding. (*Matter of Watson*, 215 N. Y. 209, 213; *Sexton v. Sexton*, 64 App. Div. 385, 388; affd., 174 N. Y. 510; *Matter of O'Flyn*, 174 Misc. 1025.) When such issue of title is determined adversely to an accountant, the surrogate has jurisdiction to direct him to return the subject-matter to the estate (Surr. Ct. Act, §§ 40, 267) in lieu of a surcharge. So, too, in a discovery proceeding, if the property is not recoverable in kind, a respondent will be held for the value of it. (*Matter of Rubin*, 168 Misc. 81, 88.)

Thus, in either proceeding the same issue may be tried and the same relief accorded. Indeed, it is conceded in the widow's brief that " Even if both proceedings were to be carried on to their termination and the petitioner herein were successful in both, the delivery of the stock would be a satisfaction of the decree in both proceedings."

The widow argues, nevertheless, that in the accounting proceeding the relief accorded to a particular objectant will be limited to his interest and the accountant will not be directed to restore or account for any excess as to others interested in the estate who have been cited and have waived by failure to object. She further contends that, as administratrix, she is not bound by the deter-

mination in the accounting proceeding, wherein she appears as an individual.

There is no difficulty presented as to the status of parties so far as concerns the appellant. He is concerned as an individual in both proceedings. If determination adverse to him were rendered in the accounting proceeding, it would be as an individual that relief against him would be directed. (*Matter of Fletcher*, 173 Misc. 711, 712, 713.)

As to the widow, it must be granted that she appears in the discovery proceeding as a party different from her appearance in the accounting proceeding. (*Collins* v. *Hydorn*, 135 N. Y. 320, 324, 325; *Rathbone* v. *Hooney*, 58 id. 463, 466, 467; *Leonard* v. *Pierce*, 182 id. 431, 432.) It must also be granted that it would be within the province of the court in the accounting proceeding to limit relief solely on behalf of the objectant, proportioned to her interest (*Matter of Ellensohn*, 258 App. Div. 891; *Matter of Dempsy*, 259 id. 1083, 1084), whereas it may be assumed that the administratrix, if successful, would be entitled, in the discovery proceeding, to recover all of the personalty wrongfully withheld.

An administrator, however, may not act save in discharge of some duty which he owes to the estate. He is required to reduce the assets in possession and pay debts as a preliminary to the fundamental duty of distributing the net estate to those who are beneficially interested in it. (*Matter of Union Trust Company*, 70 App. Div. 5, 9.) There is, therefore, a direct and controlling relationship between the administrator and those on whose behalf he engages to fulfill his functions. As stated by this court in *Matter of Limberg* (257 App. Div. 827): " An estate cannot be considered simply as a mass of property irrespective of and divorced from those who are entitled to share therein." If such a person is cited in an accounting proceeding and does not object, or if he interposes objection and the issue is decided adversely to him, he is concluded thereafter from retrying that issue. (Surr. Ct. Act, § 274; *Hull* v. *Hull*, 225 N. Y. 342, 354; *Matter of Weston*, 91 id. 502, 513.) If all persons who are beneficially interested in the estate are concluded by the judicial settlement of the account, no further duty in the matter remains in the administratrix. As stated in *Matter of Hodgman* (140 N. Y. 421, 430), " It may be that she did her duty in calling her co-executors to account, but when she brought into the proceeding everybody interested in the result she ceased to be in any respect their protector or representative, and had no further duty in their behalf. When the accounts were settled she ceased to have any interest in the decree beyond what affected her own rights, and had no authority

to proceed on the appeal as the champion of those who submitted to the decree and did not appeal at all."

Reverting to the facts under consideration, the interest of the widow to the stock in question will be determined in the accounting proceeding and, as administratrix, she owes no further duty to herself, individually, with respect to the subject-matter. The only justification for the subsequent institution of the discovery proceeding is on behalf of persons beneficially interested who have not been cited therein, if any, and hence will not be bound by a determination in that proceeding. In the light of the pendency of the accounting proceeding in which the very issue has been the subject of protracted litigation, it was incumbent upon the widow, as administratrix, to show the necessity for demanding still another trial. She should have set forth the names and the status of persons beneficially interested in the estate who will not be concluded and in whose behalf she is acting as an incident of her duty as a fiduciary. Her petition is fatally defective in that respect and must be dismissed.

The order of the Surrogate's Court of Kings County, denying motion of appellant for an order dismissing the petition in the discovery proceeding, or, in the alternative, referring it to a designated referee, should be reversed on the law and the facts, without costs, and the motion to dismiss the petition should be granted, without costs.

LAZANSKY, P. J., CARSWELL, ADEL and CLOSE, JJ., concur.

Order of the Surrogate's Court, Kings County, denying motion of appellant to dismiss the petition in a discovery proceeding, or to refer it to a designated referee, reversed on the law and the facts, without costs, and the motion to dismiss the petition granted, without costs.