In the Matter of the Accounting of ELSIE C. McLAVE, as Executrix of IDA MULLER, Deceased.

Surrogate's Court, Westchester County, June 29, 1944.

*Frederick C. McLaughlin* and *Moses Ely* for petitioner.

*Hurlbert McAndrew* for Anna Rusche, legatee, objectant.

*Francis R. Doherty* for Charles A Muller, legatee, claimant.

*Francis A. McAnaney,* attorney designated by Alien Property Custodian for Lucie Milarch and another, legatees.

GRIFFITHS, S. In this proceeding brought for the settlement of the account of the executrix, a determination is sought with respect to a certain claim made not only against the estate, but also in the alternative, against the executrix, individually. Additional issues are raised by objections made to the alleged failure on the part of the executrix to account for certain assets of the decedent. Furthermore, the petitioner requests a construction of the will resolving the question of whether the general legacies are to be charged upon the decedent's real estate.

The decedent died on November 19, 1942, leaving a will dated October 5, 1932, which was duly admitted to probate in this court on February 17, 1943. Letters testamentary were on the same date issued to the petitioner who was named as executrix in the will.

The claim of $2,500 presented for determination is made by a nephew of the decedent. The circumstances forming the basis for the claim are briefly as follows. In January, 1932, the claimant borrowed from the decedent the sum of $2,500 at 6% interest, executing and delivering to the decedent at the same time, a bond secured by a mortgage. Approximately nine months after the consummation of the aforesaid loan transaction, the decedent

executed her will. Under the provisions of article " Fourth " thereof, she forgave the above-mentioned mortgage obligation. Sometime during January, 1941, the claimant received a letter requesting part payment on account of the principal of the aforesaid obligation. The debt was thereafter voluntarily paid in full by him on February 1, 1941. Claimant alleges that the communication above referred to was written and signed by decedent's niece, the petitioner herein. The petitioner, on the other hand, asserts that the letter was written by her at the decedent's request, and was actually signed by the decedent. Claimant was unable to produce the letter or a copy thereof. It appears that the claimant was never apprised of the contents of the will. The petitioner, however, had knowledge of the terms thereof from about the time of its execution. Claimant alleges that the petitioner withheld information regarding the terms of the will for the purpose of inducing payment of the obligation. It is further alleged that the decedent did not knowingly authorize or request repayment of the loan. There is no contention that the obligation to repay the mortgage loan was unenforcible or legally forgiven prior to the death of the decedent.

The provisions of the will became effective only upon probate thereof after the death of the decedent and therefore could have no retroactive effect upon the decedent's legal right to enforce or receive payment of the mortgage obligation during her lifetime. Moreover, the evidence adduced shows that the decedent knowingly accepted repayment of the obligation and executed and delivered a proper satisfaction piece in connection with the discharge thereof. Under the circumstances, the instant claim against the estate must be dismissed.

The claim in the alternative against the executrix individually, based upon her alleged efforts to secure payment of the obligation which to her knowledge was forgiven in the will, must also be dismissed. Although this court has been accorded wide equitable power to grant relief (Surrogate's Ct. Act, § 40), it is, nevertheless, a court of limited jurisdiction and consequently may exercise such power only with respect to matters properly brought before it. (*Matter of Lakner,* 143 Misc. 117; *Matter of Ort,* 217 App. Div. 422.) The controversy between the claimant and the executrix, individually, is not an affair of the decedent, nor is an adjudication thereof necessary to a final determination in this proceeding. The court, therefore, has no jurisdiction over this claim. (Surrogate's Ct. Act, § 40; *Matter of Enright,* 149 Misc. 353, 355.)

At the time of the execution of the will, the decedent was worth approximately $15,000 in personal property and $4,000 in real estate. The personalty was greatly in excess of the amount required to discharge the two general legacies contained in the will, totaling $2,000. The account as filed indicates that the decedent died possessed of personalty the amount of which is insufficient for the purposes of paying the general legacies in full, after payment of estate expenses. It is contended that the provisions of the will granting a power of sale of realty, blending personalty and realty in the gift of the residuary and directing that all inheritance taxes be paid out of the residue of the estate conclusively indicate an intention on the part of the testatrix to charge the general legacies upon the real estate devised under the residuary clause of the will.

It is well settled that the primary fund for the payment of general legacies is the personal estate, unless a clear intent to the contrary is demonstrated by the provisions of the will, or extraneous circumstances. (*Bevan et al.* v. *Cooper et al.*, 72 N. Y. 317.) The burden of showing that the legacies were charged upon the real estate in the residuum is therefore upon the legatees. (*Brill* v. *Wright et al.*, 112 N. Y. 129, 136.) The blending of personalty and real estate in the gift of the residue, the granting of a power of sale of realty, and the direction to pay estate taxes out of the residue are circumstances to be considered in ascertaining the intention of the testator. The dominating factor, however, is the amount and value of real and personal property at the time of the execution of the will. (*Matter of Lummis,* 101 Misc. 258, 270; *Matter of Brewster,* 144 Misc. 888, 892, 893; *Onondaga County Savings Bank* v. *Weeks,* 160 Misc. 833, 835.) The fact that the decedent, when she executed her will, was possessed of personal property more than sufficient to discharge the general legacies and prospective estate taxes, must, therefore, control. Furthermore, the intention of the testatrix regarding the charge of legacies must be found to exist at the time of the execution of the will. Subsequent events, such as the depletion of personal assets suffered after the execution of the will, can have no bearing upon the question of intention. (*Morris* v. *Sickly,* 133 N. Y. 456, 459, 460.) In view of the condition and extent of the decedent's personal property at the time of the execution of the will, it is clear that she did not intend to charge the legacies upon her real estate. The will is so construed.

The decedent, a widow advanced in years, resided with the petitioner, her niece, from October, 1930, to February, 1940.

The petitioner and her husband, contemplating a vacation in Florida during March of 1940 arranged for the decedent to reside in a nursing home during their absence. Upon their return, the decedent decided to remain at the nursing home for an indefinite period. In order to facilitate the payment of her living expenses, she gave to the petitioner a sum of money for the purpose of opening a special checking account in petitioner's name. Said account was to be drawn upon for the benefit of the decedent. On February 7, 1941, petitioner deposited two checks drawn to the order of decedent in said account. These checks, in the face amounts of $2,500 and $7.50 respectively, were given by the decedent's nephew in payment of the mortgage obligation referred to earlier herein.

The objections interposed by one of the residuary legatees, a sister of decedent, are directed against the alleged withdrawals of said moneys from the special checking account for the benefit of the petitioner, individually. It is alleged that inasmuch as such withdrawals were made without the consent of the decedent, the petitioner should have accounted for such sums allegedly appropriated to her own use.

The petitioner herein had been examined pursuant to the provisions of section 263 of the Surrogate's Court Act, prior to the present hearing on the merits. Portions of that examination, indicating a charge against the petitioner with respect to the receipt by her individually of decedent's funds during her lifetime, were read into evidence by the objectant's attorney, without objection. The restrictions of section 347 of the Civil Practice Act, therefore, were not waived to the extent that personal transactions or communications with the decedent could be offered by any interested party. However, it is the rule that testimony may be received of a personal transaction between a deceased person and a person sought to be charged, where such testimony tends to qualify or explain evidence theretofore received forming part of the whole transaction. (*Nay et al.* v. *Curley,* 113 N. Y. 575.) The testimony of petitioner offered to explain or establish the withdrawals from the special checking account for her benefit as being gifts or loans, was properly received and the motion to strike out such testimony is accordingly denied.

Petitioner's husband, by his testimony, attempted to show that the withdrawals in question constituted gifts and loans made by the decedent. According to his testimony, the decedent verbally ratified the alleged gifts and loans long after the sums allegedly representing such transactions had been with-

drawn. Although the petitioner's husband was not incompetent to testify, he was, nevertheless, an interested witness (*Tracy v. Danzinger*, 253 App. Div. 418, 422, affd. 279 N. Y. 679) and, as such, his testimony can be given little, if any, weight.

The testimony given by the petitioner and her husband has not satisfactorily established certain withdrawals from the special checking account for her benefit to have been either gifts or loans, and for that reason she should be held responsible for the failure to account for the sums so withdrawn. The objection relating to such withdrawals is therefore, sustained to the extent hereinafter indicated. The amount upon which the surcharge, if any, will be based is the sum of $1,608.20, being the aggregate amount of several checks drawn against the said checking account entitled " Elsie M. McLave, Special ", designated as follows: Checks offered in evidence and marked " S ", " T ", " V ", " W ", " X ", " Y ", " Z ", " CC ", " DD " and " EE ". The amount of the surcharge must be limited to the measure of damage suffered by the objecting party. (*Matter of Ellensohn*, 258 App. Div. 891; *Matter of Dempsy*, 259 App. Div. 1083, 1084.) Since the actual damage sustained by the objectant cannot presently be ascertained, the amount of the surcharge, if any, will be fixed on the submission of the decree.

The objection to the allowance of commissions to the petitioner is overruled and dismissed. Commissions will be allowed, but, in the event of a surcharge against petitioner, will become payable only upon restoration to the estate of the amount surcharged.

All other objections not otherwise disposed of herein, are overruled and dismissed.

Settle decree containing an appropriate provision for the payment of a surcharge, the amount of which, if any, will be fixed on the settlement of such decree.