S. Samuel, Di Falco, S.
The special guardian for an infant interested as an income beneficiary of the residuary trust has filed objections in this proceeding for the settlement of the account to the allocation to principal of interest accrued at the date of death of the testatrix and to a like allocation of dividends collected by the executors after the death of the testatrix on stocks that were ex dividend at her death. Conceding that the allocation to principal would have been proper had the will been silent, the special guardian contends that this case is taken out of the ordinary rule by reason of the instructions set forth in the seventeenth article of the will which here follows: “Any *1060 and all distributions, dividends and income, declared, paid or received upon any stock, bond or other security that may be owned or held by me or by my estate or that may be acquired by my Trustees (other than any distribution in liquidation) shall be treated as income and not as principal whether declared, paid or received in cash, script, stocks, bonds, specie or otherwise, and whether the same represent earnings or an increase in the value of the investments of the corporations, companies, associations or syndicates that may declare or pay such distributions, dividends and income, and whether the same were earned or accrued before or after my death. Should any question arise as to whether a particular stock dividend or an extraordinary cash dividend shall be treated as income or as principal, then I direct that the decision of my Executors or my Trustees, as the case may be, shall be final and binding upon all persons then or thereafter interested in my estate or the principal of any trust created hereunder.”
The other income beneficiaries, both of whom are adults, have interposed no objections to the allocation. The special guardian for infants contingently interested in the remainder has taken a position in opposition to that of the objectant and argues that the text just cited is not authority for the proposition asserted. He states that the action of the executors in making the allocation to principal makes applicable the final sentence of article seventeenth where the testatrix stated that the decision of the executors was to be final in connection with all questions relating to the treatment of stock or extraordinary cash dividends as principal or income. The court cannot concur in this conclusion for it does not appear that any of the dividends or interest which are the subject of the objection fall within the category of stock or extraordinary cash dividends and consequently this direction is not controlling in the situation shown to exist. The court on the contrary agrees with the contention of the special guardian for the income beneficiary and holds that the property in question is properly allocable to income within the meaning of the will. The device employed by the testatrix to increase the bequest to the income beneficiaries is of course permissible. (Matter of McManus, 282 N. Y. 420.)
Because the adult income beneficiaries have not opposed the action of the executors in allocating the dividends and interest to principal, no adjustment need be made in respect of their accounts (Matter of Ellensohn, 258 App. Div. 891; Matter of Stumpp, 153 Misc. 92), as a result of the conclusion herein reached. The successful objectant will be required to restore *1061 to principal the amounts paid from thát source for income taxes due upon the amount she is to receive.
The court approves the stipulation of settlement of the claim of the United Jewish Appeal of Greater New York, Inc.
Submit decree on notice settling the account accordingly.