John J. Dillon,' S.
In this executor’s accounting proceeding, an issue has been raised as to whether the children of a predeceased brother of testatrix are entitled to share in the distribution of estate assets.
The testatrix died a resident of Wetchester County on September 13, 1957 and her will dated July 11, 1944 was duly admitted to probate pursuant to a decree of this court dated October 14, 1957.
Under article “second” of her will, the testatrix devised and bequeathed her entire residuary estate to her father. Testatrix further provided that in the event that her father predeceased her, as is the case, then the entire residuary estate was to be paid over to four named brothers “ in equal shares if living at the time of my death, but if any one of my said *413 brothers shall predecease me, without leaving children him surviving, then to my surviving brothers and the children of any deceased brother, the children of any deceased brother to take the same share collectively the parent would have taken if surviving, absolutely and forever
One of the four named brothers predeceased the testatrix survived by two children and the executor has taken the position that such children are not entitled to any portion of the estate assets. Although the court will concede that the above-quoted portion of article ‘ ‘ second ’ ’ is poorly phrased, nevertheless it is absolutely clear that testatrix intended that the children of any predeceased brother were to receive the share which their parent would have received had he survived the testatrix, and the will is so construed. Accordingly, the objections interposed to the executor’s account are sustained.
Settle decree.