John J. Dillon, S.
By a prior decision, this court determined that two children of a brother who predeceased the testatrix, who were neither named in the petition to account, nor cited, *1068 were necessary parties to the executor’s accounting proceeding and were entitled to receive the one-fourth share to which their parent would have become entitled if he had survived the testatrix. (See Matter of Goodliffe, 18 Misc 2d 412.)
Objections were thereupon filed to the account in behalf of said parties, both of whom were then minors, but one of whom has since obtained his majority, relating to the failure of the executor to include as an asset of the estate a 1950 Chevrolet automobile, and the proceeds of an insurance policy with a claimed cash value in the amount of $11,630.21.
The evidence adduced at the hearing with respect to the issues raised by the objections established that in May of 1948 the testatrix applied for and obtained a retirement income policy on the life of her brother, the accounting executor. By its terms, the policy matured on May 16, 1964 and was payable to the testatrix as direct beneficiary. Following the death of the testatrix on September 13, 1957, the executor advanced from his individual funds on May 15, 1958 the annual premium due on said policy in the amount of $1,158.80. Thereafter, and on January 9, 1959 the insurance company, in reply to a letter addressed to it by the executor, informed the executor that the policy was an asset of the estate of the testatrix and required to be administered as such; that upon the surrender of such policy the insurer would pay to such executor its cash surrender value.
The evidence further established that on June 29, 1959 the insurer mailed to the executor, upon surrender of the policy, its check in the amount of $13,491.48 in full payment of its liability under said policy. Admittedly, the executor did not inform his attorney of the receipt of the proceeds of the policy and the account contains no reference to the insurance policy or the proceeds. At the hearing, the attorney for the executor contended that such policy was not an asset of the estate, but was payable to the executor individually. However, no memorandum of law has been submitted by such attorney in support of such contention although the time for such submission has expired.
The court determines that the proceeds of said policy representing its cash surrender value constitute an asset of the estate and that the executor should have charged himself with such amount in Schedule “ A ” of his account. The objections relating to the failure to include said policy or its proceeds as an asset of the estate are accordingly sustained and the executor is surcharged with $12,332.68, representing the difference between the sum of $13,491.48 paid to the executor and the sum *1069 of $1,158.80 advanced by the executor individually toward the payment of the premium. Such surcharge will bear interest at the rate of 4%% annually, from the first day of July, 1959, the date of the receipt of such payment from the insurance company.
The objections relating to the failure of the executor to include in his account the Chevrolet automobile transferred to one Joyce Groodliffe, a niece of testatrix, are also sustained. The executor accordingly is surcharged in the additional amount of $150, hereby fixed as the fair market value of said automobile as of the date of death of the testatrix, with interest thereon at the rate of 4%% annually, from January 1, 1958, by which time the executor in the exercise of reasonable prudence and diligence should have sold such automobile.
Ordinarily a surcharge imposed against an accounting fiduciary is limited to the interest of the objecting parties. (Matter of Roche, 259 N. Y. 458; Matter of Garvin, 256 N. Y. 518; Matter of Dempsy, 259 App. Div. 1083.) A distinction must be made, however, between a case where credits claimed by a fiduciary have been disallowed or reduced and a case where a fiduciary has failed to charge himself with an asset which ought to have been reflected in the account. (See Matter of Koch, 184 Misc 1.) In Matter of Muller (183 Misc. 957), this court applied the pro tanto rule to a situation where funds entrusted to an individual prior to her appointment as a fiduciary, by and for the benefit of decedent, had been misappropriated to her own use. But in Matter of Sullivan (177 Misc. 570, revd. 264 App. Div. 65) the court by way of dictum indicated that a fiduciary who actually retains an estate asset in Ms individual possession at the time his dereliction is established would be compelled to make full restitution.
The court determines that the pro tanto rule limiting the amount of the surcharge to the interest of the objecting parties is not here applicable. The failure of the executor to include the above items as assets of the estate constitutes a breach of trust. Under these circumstances the pro tanto rule has no application and full restitution must be made by the executor. A decree settling an account is not res judicata as to assets not specified therein. (Joseph v. Herzig, 198 N. Y. 456, 461; Matter of Schmidt, 163 Misc. 610.) By analogy the pro tanto rule may not be extended to a situation where a fiduciary omits from his account an asset which has come into his hands in his fiduciary capacity. Settle decree.