S. Samuel Di Falco, S.
The trustee is rendering an intermediate account of two trusts created in paragraph Fourth of the will of the testatrix for the period between March 5,1952 and April 3, 1959. Testatrix died on May 3, 1950. In paragraph Fourth of her will dated January 4, 1927 she created two equal trusts of her residuary estate, one for the life benefit of a grandniece and the other for a grandnephew. The remainder of each trust is payable to the issue of the life beneficiary, and in default of issue, then to the life beneficiary of the other trust, and if not living, to that beneficiary’s issue. Both income beneficiaries are living.
It appears that the decedent at her death owned bonds of the Gomez Realty Corporation in the face amount of $57,725 due on November 15, 1968 with interest at -3% per annum. Each of the two trusts received one half of these bonds. When originally issued by the corporation in 1928 these bonds bore interest at 7% per annum and were due on November 15, 1948. The corporation paid that interest until 1935.
An agreement dated March 23,1949 was executed by the bondholders of the corporation, including this decedent, reciting that interest payments thereon were in arrears and providing for the extension of the maturity date of the bonds to November *612 15, 1968 and for the reduction of the interest to 3% per annum from November 15, 1948. The agreement further provided that all claims for interest arrears unpaid as of November 15, 1948 should be subordinate to all other claims of creditors of the corporation. In 1953 the directors of the corporation decided in their discretion to pay 1% of the face amount of the bonds against the interest arrears. These payments were continued in the discretion of the directors through 1958. A total of $3,752.11 was received for each trust for the period from August 15, 1935 to August 15, 1937 and credited to principal.
The trustee now seeks a determination as to whether or not this allocation was proper. The income beneficiaries contend that the payments should have been credited to income whereas the special guardian for infant contingent remaindermen of the trusts argues that they belonged to principal.
The arrears of interest were owing to the decedent at her death in 1950. The right to this interest was an asset of her estate. It passed to the trustee “ ‘ as an incident ’ to the main obligation ” (Matter of Rivas, 100 N. Y. S. 2d 357, 362). The subsequent payment would not change it to income. (Surrogate’s Ct. Act, § 204; Matter of Benkard, 38 N. Y. S. 2d 319; 3 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 314.)
The will of the testatrix was executed in 1927. It directs the trustee “ [T]o invest and reinvest one of said equal shares and to collect and receive the rents, income and profits therefrom and to pay the net income to ” each beneficiary. If the testatrix had intended that all income should be paid to the income beneficiaries it would have been a simple matter for her to provide that income accrued on the property at the time of transfer to the trustee be considered as income (Matter of Stern, 87 N. Y. S. 2d 128; cf. Matter of Bamberger, 5 Misc 2d 1058). The court, therefore, determines that these payments were properly allocated to the principal of each trust (Matter of Stern, supra and cases cited therein).
Submit decree on notice settling the account accordingly.