Harry G. Herman, S.
A number of objections have been interposed to the account by the special guardian, all of which have been conceded to be proper and are allowed.
One of the objections related to the payment of $1,004.68 as a tax penalty and $215.04 as interest for not paying the estate tax timely. While the executors have consented to a surcharge, they have recommended the application of the pro tanto rule.
Decedent put her residuary estate in trust, the income from which was to be paid to her nephew, Albert H. Biekmore, Jr., for life, upon his death then to another nephew, Jesse 0. Bickmore, for life and upon their death the principal thereof was to be paid “ to the child or children or to the lawful issue of any deceased child or children of my nephew, Jesse O. Biekmore, it being my intention that the lawful issue of any deceased child of my nephew, Jesse O. Biekmore, should take and have the share of my residuary estate that his or her parent would have taken, if said child had survived his or her father, Jesse O. Biekmore ”.
The secondary life beneficiary has five children, two of whom are infants over the age of 14 years and represented by the special guardian. Jesse O. Biekmore, Jr., has an adopted daughter, and Katherine Daniell Biekmore Wagner has a *674 daughter, both of whom, are under the age of 14 years and represented by the special guardian. As the special guardian on behalf of his wards is the only one to have interposed objections, the executors advance the argument that those who did not file any objections should not benefit in the event of a surcharge. Another way of expressing their position is that they should only be surcharged the proportionate amount representing the interests of those who have filed objections, or only two fifths of the entire amount of the surcharge. It is argued that the adopted child of Jesse O. Bickmore, Jr., has no interest for she should not be considered “ issue ”, the adoption having taken place subsequent to the execution of the will.
The court has been unable to find any authority covering the situation here presented. While the pro tanto rule has been applied in numerous situations (Matter of Molinaro, 140 N. Y. S. 2d 834; Matter of Muller, 183 Misc. 957; Matter of Reynolds, 46 N. Y. S. 2d 367; Matter of Dempsey, 259 App. Div. 1083; Matter of Bamberger, 5 Misc 2d 1058; Matter of Marshall, 199 Misc. 431) none of them is similar to the case at bar. Instances of where the court has refused to apply the said rule are determinations of excessive legal fees having been paid (Matter of Mette, 273 App. Div. 740, affd. 298 N. Y. 789) and when new assets are brought into an estate (Matter of Tannenbaum, 30 Misc 2d 743; Matter of Goodliffe, 29 Misc 2d 1067).
The court is of the opinion that the existing factual situation is such as to make it impracticable and inequitable to apply the pro tanto rule. While not determining the question of whether the adopted child is to be included in the word “ issue ” as used in the will, at least one of the objectants has a contingent interest which may never become vested. Under such a situation it is hardly possible at this time to determine the percentage of such interest. Also, two of the objectants, while now possessing vested interests, might receive a still greater share of the estate should certain events occur.
Under all the circumstances the court determines the pro tanto rule has no application under the facts herein. The executors are .surcharged the full amount of the tax penalty, and interest.
The court allows the reduced sum of $5,000 as the fair and reasonable value for legal services rendered by Samuel Roberts Taylor as attorney for the estate up until the time of his demise. Said amount will be payable to his estate.
The fee of the attorneys who now represent the estate is allowed in the amount requested for all services rendered and to be rendered to and including the settlement of the decree herein, together with disbursements to be taxed.