Bertram R. Gelfand, S.
In this consolidated accounting proceeding at issue are the account of the deceased executrix, Hanna Zalaznick, the account of the now also deceased successor executor, Irving Zalaznick, and a third-party proceeding commenced by the fiduciaries of Hanna Zalaznick against her former attorneys alleging malpractice. Decedent died August 17, 1967. Letters testamentary were issued to his wife, Hanna Zalaznick, on October 4, 1967. She served as executrix until her death on August 29, 1972. Hanna Zalaznick did not file an account during her lifetime. Her account that is before the court was filed on her behalf by her executors. Objections to this account have been filed by three of the residuary legatees.
The successor executor, Irving Zalaznick, received letters testamentary on May 21, 1973. He originally filed an account for the period from the date of his appointment until February 20, 1974. This account was subsequently supplemented so as to include the period up to September 1, 1975. Irving Zalaznick died December 30, 1975. Thereafter Sheldon Zalaznick, after duly qualifying as the executor of Irving Zalaznick’s estate, was granted all of the rights and powers of the now deceased fiduciary, Irving Zalaznick, pursuant to SCPA 2207 (subd 7). Sheldon Zalaznick thereafter supplemented the account of Irving Zalaznick so as to include the period up to June 15, 1976. Identical objections to the original account of Irving Zalaznick have been filed by Aida Junger and Sol Kramer who characterize themselves in the objections by the *729 general description of persons interested in the estate of Abraham Zalaznick. Aida Junger is both a residuary legatee in this estate and coexecutrix of the estate of Hanna Zalaznick. Sol Kramer is coexecutor of the estate of Hanna Zalaznick. The proceedings relative to the judicial settlement of both accounts were consolidated for trial; however, it would be most orderly to dispose of each aspect of the proceeding separately.
Objections 7 (a), 7 (b) and 8 (a) relate to the executrix being credited in Schedule D-2 under Items 1 and 2 with loans made to the decedent or the decedent’s estate in the sum of $21,550.29. SCPA 1805 imposes upon a fiduciary the burden of proving any debt that the fiduciary alleges is due to him. The fact that the items at issue in the instant account may have been allowed as deductions by the Internal Revenue Service in fixing estate taxes does not serve as a substitute for proof of the validity of these debts in this proceeding as against parties interested in the estate who are prejudiced by the executrix having paid those alleged debts to herself. No proof was adduced which would serve to establish the nature, existence or validity of the alleged debts or that the sums paid by the executrix to herself were in repayment of just debts. Accordingly, it is concluded that accountant has failed to sustain the claims at issue set forth in the account and the payments or credits to her on account of these debts are improper. The objection is sustained to the extent that the credits to the fiduciary set forth in Schedule D-2 as claims are disallowed.
Objections 14 (a) and 14 (b) question whether the marital bequest under decedent’s will is a pecuniary or a fractional bequest and what interest, if any, the executrix is entitled to with reference to the unpaid portion of such bequest. The court agrees with the position which both sides appear to now take, based upon the amended account and their respective legal arguments, that the bequest to the executrix set forth in decedent’s will is a pecuniary bequest. The bequest being a pecuniary bequest, the legatee of such a bequest is not entitled to a proportionate share of the income the estate earned on the unpaid portion of the bequest but is entitled to statutory interest with reference to the portion of the bequest which was not paid within seven months of the issuance of letters testamentary. The Court of Appeals in Matter of Crea (27 NY2d 339) determined that the interest on a bequest to a fiduciary provided for under section 218 of the Surrogate’s *730 Court Act is payable even though the failure to make a more timely payment of the bequest is the fault of the fiduciary. EPTL 11-1.5 (subd [d]) embodies in the present statute the provisions of section 218 of the Surrogate’s Court Act. Accordingly, the law set forth in Matter of Crea (supra) must be taken as being as applicable to the present statute as to its predecessor. Consideration is given to the fact that the fiduciary here could have distributed her bequest to herself in a more timely manner and did not restrain from doing so in order to make a distribution to any other legatees. The record also fails to indicate that the failure to distribute resulted in increased income to the estate in excess of 3% per annum on the sum not distributed. In the exercise of discretion, the objection is sustained to the extent that the interest payable on the unpaid portion of such marital bequest shall be at the rate of 3% per annum for the period commencing seven months after issuance of letters testamentary.
In objection 15 the contention is made that the provision in EPTL 11-2.1 (subd [d], par [3], cl [A]) that "The residuary beneficiaries are entitled to the rent from the decedent’s real property, not specifically disposed of’ precludes the use of any rents to pay the preresiduary marital deduction general bequest or interest due thereon, in favor of Hanna Zalaznick. The statutory provision relied upon by objectants is incorporated in those provisions of the EPTL concerned with the investment powers and duties of fiduciaries. The attempt to apply these provisions to the rules governing distribution is an improper application of its verbiage out of the context to which the subject matter applies. The result sought by objectants by focusing upon EPTL 11-2.1 (subd [d], par [3], cl [A]) out of context is one under which a general bequest could be abated in order to increase the amount of the residuary estate. Neither the applicable statutory nor case law sanctions a result under which a distribution for residuary beneficiaries can increase at the expense of abating general or specific bequests.
Application must be made of the guideline principal that after the payment of administration expenses and taxes, to the extent estate principal is not sufficient to pay a general bequest income earned by the estate on both its realty and personalty must be applied to the satisfaction of the general bequest in preference to the application of this income to increase the residuary estate while the general bequest abates. *731 Controlling a determination of the question is the basic common-law provision now incorporated in EPTL 13-1.3 (subd [c]) that general bequests must be paid from estate assets before residuary bequests. Although EPTL 13-1.3 (subd [c]) did not become effective until after decedent’s death, its enactment did not change the law, but merely codified it. In the instant case, decedent’s will has made a general pecuniary bequest to his widow, the amount of which is computed based upon the value of estate assets at the time of decedent’s death. This amount is now a fixed sum which the estate is obligated to distribute to her from either principal or income before any percentage payment to residuary legatees. The objection is dismissed.
[Portions of opinion omitted for purposes of publication.]