Bertram R. Gelfand, S.
This is an application pursuant to CPLR 4404 (subd [b]) by the executors of the estate of Hanna Zalaznick, the deceased executrix, seeking to set aside portions of the decision of this court, dated November 12, 1976 (reported in part 88 Misc 2d 727, reported in total, NYLJ, Nov. 19, 1976, p 11, col 1). Objectants to the account filed by movant have cross-moved to set aside other portions of this decision. It appears that to the extent the respective parties failed to succeed they now each are of the opinion that the court was in error. A careful examination of the substantial papers submitted in support of both the motion and the cross motion and a review of the record indicates that, for the most part, these applications are a restatement of the positions originally taken by the respective parties couched in slightly different language. However, some new issues have been raised which do require discussion and determination.
For the first time in this application the movants contend that even if the court correctly imposed surcharges against the estate of Hanna Zalaznick, the amount of such surcharges should have been limited to the interest of the objecting parties, to wit: three eighths of the $29,741.49 of surcharges imposed arising from objections "3 (c) and (5)” to their account. A similar contention is made in regard to the $21,550.29 of credits listed in Schedule D-2 of their account for loans allegedly made by Hanna Zalaznick to the decedent and which the court disallowed. The present fiduciary of this estate takes the position that all of the residuary legatees did *115 object to the account and that even if they had not, the surcharges imposed should be for all of their benefit. The contention that all of the interested parties objected is based upon an amendment to the successor executor’s account which stated that his account was amended to "reflect the existence of a conditional contingent asset consisting of a claim against Hanna Zalaznick for surcharges in respect of her conduct as executrix of the estate of Abraham Zalaznick”. That this amendment was tantamount to filing objections on behalf of all of the interested parties is a novel position. Throughout these proceedings the attorneys for the successor executor stated that they were spectators in regard to the objections filed against the account of the deceased executrix and at the hearing they made no attempt to sustain any of the objections. In any event, the reliance upon this amendment to take the place of filing formal objections is misplaced. All of the necessary parties to the movants’ accounting proceeding were either served with or waived process. They had an opportunity to and should have filed objections; if they deemed it advisable. This amendment to the successor executor’s account was not in any way labeled or presented as an objection to the account. It failed to enumerate any specific acts for which surcharges should be imposed. Its obvious purpose was to advise the beneficiaries of the estate of the possibility that additional assets might come into the estate. It cannot now be deemed to be an objection. Accordingly, it is necessary for the court to now determine whether the surcharges imposed or credits disallowed, should be limited to three eighths of the amount set forth in the original decision.
There are numerous cases holding that a surcharge imposed against a fiduciary should be limited to the interest of the objecting parties (Matter of Garvin, 256 NY 518; Matter of Fuller, 10 AD2d 938, affd without opn 9 NY2d 943; Matter of Dempsy, 259 App Div 1083; Matter of Ellensohn, 258 App Div 891; Matter of Morawetz, 35 Misc 2d 762; Matter of Bamberger, 5 Misc 2d 1058; Matter of Rosenbaum, 76 NYS 2d 715, mod 277 App Div 199, mod 303 NY 715; Matter of Muller, 183 Misc 957). This rule, often referred to as the pro tonto liability rule, is primarily based on the theory that as to the nonobjecting parties the account is established pro confessa as correct and proper (Matter of Koch, 184 Misc 1; Matter of Sullivan, 177 Misc 570, revd 264 App Div 65, revd and order of Surrogate reinstated 289 NY 323). Another rationale for the pro *116 tanto rule is that a beneficiary who elects to sit on the sidelines in an accounting proceeding should not share in the fruits of victory earned by the touchdowns scored by the labors, burdens and expenses incurred by objectants (Matter of Rosenbaum, supra).
However, in several different factual circumstances, the courts have refused to apply the pro tanto rule and permitted the surcharges to inure to the benefit of all of the beneficiaries (Matter of Mette, 273 App Div 740, affd 298 NY 789 [a surcharge for excessive attorney’s fees]; Matter of Tefft, 41 Misc 2d 673 [a surcharge for interest and penalties arising from late payment of estate taxes]; Matter of Tannenbaum, 30 Misc 2d 743, Mod 20 AD2d 808, affd 15 NY2d 829 [a surcharge for failing to include goodwill of a business as an asset]; Matter of Goodliffe, 29 Misc 2d 1067 [a surcharge for failing to include as an estate asset an automobile and insurance proceeds]; Matter of Wright, 15 Misc 2d 225, mod on other grounds 8 AD2d 158, affd 7 NY2d 365 [a surcharge for taking commissions without court order]; Matter of Koch, 184 Misc 1, supra [a surcharge imposed by dint of a finding that a fiduciary had only established that a gift of $25,000 was made to him by the decedent, while the total withdrawals from decedent’s bank account were in excess of $37,000]; Matter of Sullivan, 177 Misc 570, revd 264 App Div 65, revd and order of Surrogate reinstated 289 NY 323, supra [in dicta stating that the pro tanto rule should not be applied if the fiduciary actually retains the asset in his individual capacity at the time his dereliction is established]).
The movants have placed substantial reliance on the decision rendered in 1944 in Matter of Muller (183 Misc 957, supra). There, the pro tanto rule was applied for surcharges imposed resulting from the fiduciary’s failure to establish that withdrawals made by the fiduciary from a convenience bank account established by the decedent in the fiduciary’s name were either gifts or loans. The Muller decision result has been questioned by other courts (Matter of Koch, supra) and was not deemed controlling in the case of Matter of Goodliffe (supra), subsequently decided in the same county.
Attempts have been made to categorize the circumstances under which the pro tanto rule should or should not be followed. One formula is that the rule should be applied when credits taken or requested by a fiduciary are reduced after objections, but it should not be applied when a fiduciary has *117 failed to charge himself with an asset which ought to have been reflected in the account (Matter of Tannenbaum, supra; Matter of Goodliffe, supra). This formula appears to reach a just result in the majority of cases. If a fiduciary in good faith has paid a third party more than it is ultimately determined was the fair value for the services rendered, applying the pro tanto rule does not result in unjust enrichment to the fiduciary. On the other hand, to permit a fiduciary to retain for his own benefit estate assets which he had a fiduciary duty to distribute would result in an unjust enrichment to the fiduciary which should not be countenanced. Moreover, it is well settled that a decree on an accounting is not res judicata as to matter or items not embraced in the account (Matter of Hubbell, 302 NY 246; Joseph v Herzig, 198 NY 456). It cannot be stated that the account as to such items or matters has been established pro confessa as correct and proper.
However, application of the pro tanto rule should not be based solely upon which schedule of the account is at issue. In Matter of Mette (273 App Div 740, affd 298 NY 789, supra), the pro tanto rule was not applied, notwithstanding that the issue decided involved the reduction of attorney’s fees listed in the account. Similarly, in Matter of Wright (15 Misc 2d 225, mod on other grounds 8 AD2d 158, affd 7 NY2d 365, supra), the rule was not followed when the issue was a surcharge against commissions listed in the account. In Matter of Koch (184 Misc 1, supra), the rule was stated to be inapplicable if it would permit the fiduciary to retain for his own benefit an estate asset, even though the transaction was set forth in Schedule K of the account.
It is the duty of the Suffogate’s Court to see that decedent’s intentions are not put to rest with his remains. In the discharge of this duty the court cannot under any circumstance fail to act when it appears that the conduct of a fiduciary who has received letters from the court is unjustly enriching the fiduciary at the expense of the estate. When it is established that a fiduciary has taken a bogus credit in Schedule C of the account for an administration expense, when in fact he did not pay a penny for such an expense, there is no basis for permitting him to be enriched by his malfeasance or wanton disregard of a fiduciary duty and the court must act. Such a set of circumstances is analogous to a fiduciary failing to reflect in Schedule A or A-l of his account an estate asset which he has retained for his own benefit. In either event a *118 balancing of the equities dictates that the fiduciary be surcharged for the benefit of all of the decedent’s beneficiaries (Matter of Sullivan, 177 Misc 570; revd 264 App Div 65, revd and order of Surrogate reinstated 289 NY 323, supra).
It is necessary to apply the foregoing principles to each of the surcharges imposed herein. In this proceeding, it was affirmatively established that the account failed to reflect in Schedule A-l $15,374.60 of income which had been reported on the fiduciary tax returns and was presumably received by the fiduciary. It is also reasonable to presume that the fiduciary retained this sum, or spent it for her own benefit, because if it had been spent for an estate expense (mortgage payments or otherwise) it should have been listed in the appropriate schedule of the account. The estate of the deceased fiduciary should not be permitted to retain this money and it should be returned to this estate for the benefit of all of the beneficiaries. Accordingly, as to this surcharge, the court adheres to its original decision.
The $14,366.89 surcharge imposed for the disallowed administration expenses listed in Schedule C presents a different picture. These items were clearly set forth in the account and absent objections they would have been approved. The surcharge was imposed not because it was affirmatively established, or could be reasonably inferred, that they were bogus credits, but because the executors of the deceased fiduciary failed to come forward with evidence to permit their allowance over objections. Considering the death of the fiduciary, the present state of the deceased fiduciary’s records and the over-all posture of this matter, it is not beyond the realm of reasonable speculation that the deceased executrix may in fact have spent this sum of money for estate purposes. However, where the fiduciary has not met her burden of proof, she may not succeed based on speculation as to propriety. The failure of the fiduciaries of the deceased executrix to succeed in proving her position may be explained by either a misapprehension on their burden of proof on this matter (a contention that movants have made in this application) or because of their inability to prove the reasonableness of these expenses. Under this set of circumstances, these administration expenses should be established as pro confessa correct against nonobjecting beneficiaries. Absent a reasonable probability of unjust enrichment to the fiduciary from breach of a duty, there is no reason why the nonobjecting beneficiaries should *119 share in the fruits of the objectants’ labors. Accordingly, the pro tanto liability rule shall be applied as to these items. The court modifies its original decision by limiting the surcharge to an amount equal to three eighths of the $14,366.89 originally surcharged ($5,387.58) which surcharge shall innure in equal shares to the sole benefit of the objectants.
The fiduciary’s contention that the pro tanto rule should be applied to the $21,550.29 of Hanna Zalaznick’s claims against the estate is without merit. SCPA 1805 provides in unambiguous language that "[a] fiduciary shall not pay out of the property of the decedent any debt alleged to be owing to him by the decedent until proved and allowed by the court” (emphasis added). Even in instances where there is no objection to the fiduciary’s claim or upon an ex parte application "the claim must be proved just as fully as if at a hearing in court” and "the petition and supporting exhibits and affidavits must establish the claim clearly, fully, and to the complete satisfaction of the court” (Powers, Supplementary Practice Commentaries 1971-1973 McKinney’s Cons Laws of NY, Book 58A, SCPA 1805, 1976-1977 Pocket Part, p 28; see, also, Matter of Mette, 273 App Div 740, affd 298 NY 789, supra). In short, the court would have had to disallow these claims of the fiduciary even if no objections had been interposed. Accordingly, the pro tanto rule is not applicable in regard thereto and the court adheres to its original decision as to these claims.
[Portions of opinion omitted for purposes of publication.]