In the Matter of MARY C. SULLIVAN, as Administratrix with the Will Annexed of the Estate of JAMES J. SULLIVAN, Deceased, Appellant.

MARTIN T. MANTON, Respondent.

Argued October 7, 1942; decided December 3, 1942.

*Homer I. Harris* and *Samuel L. Greenberg* for appellant. The defense of prior proceeding pending is unavailing for the reason that the parties, the issues, and the relief available, in the two proceedings, are not the same. (*Corporate Investing Co.* v. *Mt. Vernon Metal Products Co.*, 206 App. Div. 273; *General Investment Co.* v. *Interborough R. T. Co.*, 118 Misc. Rep. 11; 200 App. Div. 794; 235 N. Y. 133; *Matter of O'Flyn*, 174 Misc. Rep. 1025; *Matter of Chanler*, 175 Misc. Rep. 1029; *Matter of Brodezky*, 130 Misc. Rep. 297; *Matter of Hopkins*, 161 Misc. Rep. 680.)

*James E. Denning* for respondent. A decree in the accounting proceeding binds the parties here. (*Chester* v. *Buffalo Car Mfg. Co.*, 183 N. Y. 425; *Sexton* v. *Sexton*, 64 App. Div. 385; 174 N. Y. 510; *Matter of Fletcher*, 173 Misc. Rep. 711; *Matter of Hodgman*, 140 N. Y. 421; *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S. 111.) There are no significant differences in remedies. (*Schuylkill Fuel Corp.* v. *B. & C. Nieberg Realty Corp.*, 250 N. Y. 304; *Matter of Rubin*, 168 Misc. Rep. 81; *Matter of Fitzpatrick*, 17 N. Y. Supp. [2d] 280; *Matter of Hyde*, 149 Misc. Rep. 291; *Maloney* v. *Hearst Hotels Corp.*, 274 N. Y. 106; *People ex rel. Rutland R. R.* v. *State Tax Comm.*, 243 N. Y. 543; *Nicholson* v. *Greeley, Square Hotel Co.*, 227 N. Y. 345; *Caponigri* v. *Altieri.* 165 N. Y. 255; *Matter of Gardner*, 173 Misc. Rep. 202; *Colson* v. *Pelgram*, 259 N. Y. 370; *Corporate Investing Co.* v. *Mt. Vernon Metal Products Co.*, 206 App. Div. 273.)

*Per Curiam.* James J. Sullivan died on December 20, 1935, and letters testamentary upon the probate of his will were issued to Martin T. Manton and Edward W. Sullivan on January 31, 1936. In October, 1937, upon petition of Mary C. Sullivan, the residuary legatee of said deceased, the executors were ordered to render an account of their proceedings as such executors. Thereafter the executors filed their accounts and sought judicial settlement. Mary C. Sullivan filed objections to the account on June 27, 1938, including, among others, the objections as explained by a bill of particulars and the account that the executors had failed to account for 1,867 shares of preferred capital stock of the National Cellulose Corporation which the objector claimed belonged to the estate

of the deceased and should properly be included in the account of the executors as one of the assets of the estate. The issue thus arising was referred by the Surrogate to a referee on December 1, 1938, to hear and determine, and hearings were in progress before the referee and the matter was undetermined at the time of the institution of the pending proceeding.

After the hearings which were being held before the referee had apparently been concluded but before he had rendered his decision and report, one of the executors was removed from his office as such and the other executor resigned and the letters testamentary of both executors were revoked, whereupon, on June 30, 1941, Mary C. Sullivan was duly appointed as administratrix with the will annexed of the goods, chattels and credits of James J. Sullivan, deceased, which remained unadministered, letters of administration were issued to her on that day, she entered upon the discharge of her duties as such administratrix and is still acting as such. She, thereupon, as such administratrix, instituted this proceeding against Martin T. Manton for a discovery of assets of the estate of said deceased under section 205 of the Surrogate's Court Act, alleging that Mr. Manton was withholding from her as such administratrix 1,867 shares of the preferred capital stock of the National Cellulose Corporation which belonged to the estate. Respondent pleaded, as a defense, the pendency of the accounting proceeding. Motion was thereupon made by respondent to dismiss this proceeding on the ground that the petitioner's right to the property therein sought was the subject matter of a pending proceeding or, in the alternative, to refer it to the referee before whom the objections in the accounting proceeding were pending. The Surrogate denied the motion. Upon appeal, the Appellate Division, Second Department, unanimously reversed the order of the Surrogate and dismissed the petition with costs.

To succeed here, the respondent must show that there is another action pending between the same parties for the same relief. The test to be applied is whether a determination in the other pending proceeding would be res judicata in the second. In the accounting proceeding, Mrs. Sullivan has been cited and appears only in her individual capacity. Only as her individual interest may appear would she be bound by the determination in the accounting proceed-

ing. In the discovery proceeding, she represents all claimants of the estate. No person interested as creditor or otherwise in the decedent's estate would be bound by her citation and appearance as an individual on the accounting nor would any claimant be bound by the decree on the accounting in the absence of citation or voluntary appearance after full disclosure of the facts by the accountant and the presence of an opportunity to the claimant to appear and be heard. " * * * an adjudication for or against a person litigating an issue solely in his individual right or interest does not conclude him in a subsequent prosecution respecting the same issue to which he is a party only in a representative capacity." (*City Bank Farmers Trust Co.* v. *Silberberg*, 280 N. Y. 424, 429.) We need not consider other grounds urged by appellant for reversal.

The order of the Appellate Division should be reversed and that of the Surrogate affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.