In the Matter of the Estate of HENRY HALPERN, Deceased.

Surrogate's Court, Bronx County, April 15, 1950.

*Sigmund Moses* for Bernice Halpern, as executrix of Henry Halpern, deceased, petitioner.

*Sydney P. Rappaport* for Libbe S. Lerner, as general guardian of Sandra J. Lerner, an infant, respondent.

*Marshall Snyder* for Greater New York Savings Bank, respondent.

*Weisbrod & Froeb* for Lincoln Savings Bank of Brooklyn, respondent.

*Mitchell, Capron, Marsh, Angulo & Cooney* for Broadway Savings Bank, respondent.

*Corner, Bell, Charles & McNulty* for Flatbush Savings Bank, respondent.

HENDERSON, S.  The decedent herein died on the 23d day of January, 1948, survived by his widow and three adult children. He left a last will and testament dated January 5, 1939, which gave his entire estate to the widow.  In 1946 and 1947, he opened separate accounts aggregating approximately $14,000 in four savings banks in his name " in trust for Sandra Jean Siegel," his infant grandchild.  In addition to these sums on deposit, the decedent left a gross estate of $3,290.94 which the executrix has collected.  The administration expenses have been estimated at $461.75.

The widow as the executrix has brought this discovery proceeding in which the grandchild and the four savings banks are the respondents on the ground that these trust accounts are illusory transfers and therefore belong to the estate of the testator.  The infant has appeared by her general guardian.

Upon the termination of the trial of the issues herein, the attorney for the petitioner informed the court that an action was pending in the Supreme Court in which the widow individually seeks the proceeds of three of the aforesaid bank accounts on the theory that the testator converted the same in violation of his agreement to hold the moneys in the joint names of himself and the widow.  The defendants in the action are the present respondents.

The attorney for the general guardian in his brief requests a dismissal of this proceeding because of the prior pending action.

The request is denied.

The rule is that a second proceeding between the same parties which seeks the same relief sought in a prior proceeding is not maintainable.  " The reason for the rule is obvious.  It is con-

ducive to economy, and lack of friction between courts, saves labor and annoyance and leads to the orderly administration of justice." (*Colson* v. *Pelgram,* 259 N. Y. 370, 375.)

Here, the Supreme Court action involves different issues than those presented in this proceeding. Furthermore, the proceedings are not between the same parties in view of the difference in the petitioner's status (*Matter of Sullivan,* 289 N. Y. 323). In any event, where the parties disregard the existence of the prior action and submit their entire proof for a complete determination of their rights in a subsequent proceeding, the reason for an application of the rule no longer exists.

The general guardian asserts that the bank accounts constitute bona fide transfers; that the widow has no interest in the said accounts because she failed to exercise a right of election pursuant to section 18 of the Decedent Estate Law; that in no event would she be entitled to the entire proceeds of the accounts but would be limited solely to her distributive share as in an intestacy.

There is no proof of any act on the part of the testator which made these trust accounts irrevocable nor is there any proof on the other hand of any act of disaffirmance or revocation.

In order for the court to determine whether or not the rights of the widow have been prejudiced by the transfers, it was not necessary for her to perform any formal act as required by section 18 of the Decedent Estate Law. Since the terms of the testator's will gave her more than her intestate share, she had no right of election as defined by statute (Decedent Estate Law, § 18, subd. 1, par. [d]; *Newman* v. *Dore,* 275 N. Y. 371, 375). Moreover, it now appears that in cases where a decedent dies intestate, an action to set aside transfers which affect the distributive share of a spouse may be maintained (*Burns* v. *Turnbull,* 294 N. Y. 889).

Upon the authority of *Krause* v. *Krause* (285 N. Y. 27) it must be held that the transfers herein familiarly known as "Totten trusts" are illusory.

The question presented as a result of this finding is whether or not the liability of the beneficiary of the trusts should be limited solely to the amount necessary to satisfy the expectant interest given by law to the widow in the estate of her husband.

In *Burns* v. *Turnbull* (*supra*) where it was held that a formal trust agreement was illusory, the court overruled the contention of the trustees that the trust should be so held only to the extent of the husband's individual rights in the intestate's estate, and

affirmed a judgment which directed delivery of the entire trust corpus to the husband as administrator.

The effect of this determination is to allow other relatives of a decedent to share in the principal of the trust even though such relatives are not afforded any protection by section 18 of the Decedent Estate Law. In the present matter, the widow will receive benefits far in excess of her intestate share as a result of a decree in favor of the estate.

This court is convinced that the Legislature in enacting the statutes for the benefit of spouses never intended these results. However, in view of the clear cut determination by the Court of Appeals in *Burns* v. *Turnbull* (*supra*) it must be held that an illusory transfer is no transfer. Nothing can pass thereby. The fact that in the present case the court is dealing with "Totten trusts" instead of the form of trust considered in *Burns* v. *Turnbull* (*supra*) does not change the principle of law to be applied.

The petitioner as executrix is therefore entitled to the entire proceeds of the bank accounts in controversy.

Settle decree.