Raw et al., Appellants, *v.* Lehnert, et al.

Argued April 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William J. Krzton,* for appellants.

*Arthur L. Bloom,* with him *Jay Harris Feldstein,* and *Feldstein, Bloom & Grinberg,* for appellees.

OPINION BY CERCONE, J., February 2, 1976:

On or about March 2, 1973, appellants Charles and Judith Raw filed a complaint in equity in the Court of Common Pleas of Allegheny County against appellees Frank J. Lehnert, Mary Grace Lehnert, Mark Lehnert, Robert E. McKee, Jr., and Marcap, Inc. citing the purchase by appellants of all the stock of Riverview Memorial Park, a cemetery corporation, from appellees under a long term agreement. Under the terms of the agreement, the Lehnerts reserved as security the entire stock of Riverview, to be held by McKee, as escrow agent.

In the equity complaint, appellants alleged, *inter alia,* that the appellees obstructed them in the operation of Riverview by their failure to turn over assets and records of the business, failure to pay back real estate taxes as called for in the sales agreement, and various other forms of harassment and intermeddling. Further, appellants alleged a conspiracy among the appellees Lehnert and Marcap, Inc. to sell to Marcap certain portions of Riverview. Appellants also set forth specific averments of fraud in the form of misrepresentations made by the Lehnerts concerning Riverview which were relied upon by the appellants when they entered into the sales agreement.

In their prayer for relief, appellants asked for preliminary and permanent injunctions restraining McKee from turning over the Riverview stock to appellees, restraints upon further interference by appellees with appellants' operation and control of Riverview, and the setting aside of any sales agreement between appellees Lehnert and Marcap, Inc. As an alternative to injunctive relief, appellants sought rescission of their agreement on the grounds of fraud and the return of all sums paid by them to the Lehnerts together with incidental expenses and losses as well as punitive damages in the amount of $75,000.00.

On March 6, 1973, a hearing on the request for preliminary injunction was held before Judge SILVESTRI of

the Allegheny County Court of Common Pleas at which time an order of court was entered denying a preliminary injunction and other equitable relief.[1] This order was not appealed from. Subsequent to the denial of appellants' request for equitable relief, the appellees filed preliminary objections in the nature of a motion for a more specific pleading concerning the alleged conspiracy, losses, and damages claimed as a result of the appellees' alleged fraud. Instead of responding to the appellees' preliminary objections, the appellants on October 17, 1973, filed a complaint in assumpsit against appellees Lehnert, McKee and Riverview Memorial Park. The first eleven paragraphs of the assumpsit complaint are an incorporation of the averments of the equity complaint. The balance of the assumpsit complaint alleges, *inter alia,* that appellees Lehnert, without cause: (1) arbitrarily declared appellants in default; (2) on or about March 6, 1973, *after the filing of the equity complaint,* directed appellee McKee to turn over all of the security held by him under the escrow agreement; (3) that on or about March 14, 1973, the Lehnerts filed a criminal action of fraudulent conversion against appellants to force return of assets and muniments of title to Riverview to the appellees Lehnert; (4) that as a result of the breach of the sales agreements and the criminal action the Lehnerts in connivance with McKee forced appellants out of possession

---

1. It was improper for the trial judge to treat the hearing on an application for a preliminary injunction as a final hearing on the merits and as a basis for final decree unless so stipulated by the parties: *Northvue Water Company, Incorporated v. Municipal Water and Sewer Authority of Center Township, Butler County,* 7 Pa. Commonwealth Ct. 141, 145, 298 A.2d 677, 679 (1972). Therefore, Judge Silvestri's order of March 30 did not properly dispose of all the equitable claims. However, that question is not directly involved in our consideration and was not in any event appealed by the appellants. See also, 8 *Standard Pa. Practice, Injunction* §105 at 509.

and control of Riverview.[2] As a result of these wrongs the appellants claimed losses and damages for the amounts already paid by them under the sales agreement, the reasonable value of services rendered by appellants in the operation of Riverview while they were in possession, loss of earnings of $24,000 per year for twenty years, irreparable injury to appellants' business reputation caused by abuse of process, and legal expenses for the successful defense of the action for fraudulent conversion.

Appellees then filed preliminary objections to the appellants' complaint in assumpsit alleging, in effect, that the pendency of the action in equity was a bar to the subsequent action in assumpsit. On September 5, 1974, the lower court entered an order sustaining appellees' preliminary objection and dismissing the second action. Appellants then brought the present appeal from the order dismissing their assumpsit complaint, which order was entered on the basis of the pendency of the prior equity action.

The only question before us is whether the dismissal of appellants' assumpsit complaint on the basis of the pendency of a prior action, also designated *lis pendens*, was proper. We conclude that it was not. *Lis pendens* is a valid defense only when the parties, the causes of action and the *relief sought* are the same in both actions. 4 Standard Pennsylvania Practice Chapter 13, § 26; Goodrich-Amram Civil Practice §1017(b)-15; *Hessenbruch v. Markle*, 194 Pa. 581 (1900); *Taylor v. Humble Oil and Refining Company*, 225 Pa. Superior Ct. 177 (1973).

Here, appellants seek in their equity action a rescission for fraud and punitive damages. They also seek to recover sums already paid on the installment sales contract and the value of services rendered before they were

---

2. On April 24, 1973, Judge SILVESTRI entered a second order directing that appellants turn over all assets and records of Riverview to appellees Lehnert.

removed from possession and control. In this action appellants are seeking established equitable remedies.

In the assumpsit action appellants ask for loss of earnings for twenty years at $24,000 per year, as well as the value of services rendered and the return of sums already paid under the installment contract. Principally, appellants seek the benefit of their bargain in the assumpsit action, although they improperly included some restitutionary relief in their assumpsit complaint. The assumpsit action makes claim for abuse of process and for resulting damages to appellants' business reputation growing out of actions allegedly taken by appellees *after* the filing of the equity action. These claims are not abatable by reason of the equity action even though both the equity suit and the assumpsit action may have arisen from the same subject matter. 1 C.J.S. Abatement and Revival § 55.

In essence, appellants seek rescission, punitive damages and restitution in the equity action, and seek the benefit of the bargain, breach of contract damages in the assumpsit suit. These are requests for different kinds of relief and therefore the preliminary objection based upon the pendency of a prior suit was not appropriate here.

However, we feel that it would be proper for the court below to order, upon its own motion, a consolidation of all of these matters under Rule 213, Rules of Civil Procedure. See 1 Goodrich-Amram Civil Practice § 213(a)-11 at pp. 58-62.[3]

---

3. We recognize that appellants may not maintain at the same time in separate counts of one action, or in two different suits, claims for rescission of a contract and restitution on the one hand and for damages for breach of the same contract together with expectation interest, on the other hand. These remedies are essentially inconsistent. *Pittsburgh Union Stockyards Co. v. Pittsburgh Joint Stock Company*, 309 Pa. 314, 163 A. 668 (1932); *Emery v. Third National Bank of Pittsburgh*, 308 Pa. 504, 162 A. 281 (1932); *Clement Martin Inc. v. Gussey*, 191 Pa. Superior Ct. 464, 157 A.2d 412 (1959). One may not terminate contractual obligations and

For the reasons stated above, we reverse the lower court's order dismissing appellants' assumpsit complaint on the basis of pendency of the equity suit and remand this matter for disposition consistent with this opinion.

------

DISSENTING OPINION BY PRICE, J.:

The majority holds that the lower court erred by dismissing the appellants' assumpsit complaint on the basis of the pendency of the prior equity action. I must disagree.

Because the majority did not discuss what I believe to be several relevant facts, I will briefly review the record. The appellants filed a complaint in equity on or about March 2, 1973, against defendants Frank J. Lehnert, Mary Grace Lehnert, Mark Lehnert (the Lehnerts), Robert E. McKee, Jr., and Marcap, Inc., concerning the alleged violation of a long-term sales agreement by which the appellants were to purchase the stock of Riverview Memorial Park, a cemetery corporation, from the Lehnerts. Marcap, Inc., a separate corporation, was not clearly identified in the complaint.

In the equity complaint, the appellants requested, *inter alia*, that preliminary and permanent injunctions issue (1) restraining McKee from turning over the Riverview Corporation stock to any other person without a court order, (2) removing McKee as escrow agent, (3) prohibiting the Lehnerts from further interference with appellants' operation and control of Riverview, (4)

------

seek the return of his consideration based upon the other party's promise through an action for rescission and restitution, and, at the same time, seek the full benefits of that promise through an action for breach. This would involve an election of remedies problem that is not directly before us, and we need only hold that preliminary objections on the basis of *lis pendens*, is not available to the appellees in the present fact situation. See generally, Dobbs, *Remedies* (1973) §1.5 at pp. 15-18.

commanding the Lehnerts to provide the appellants with all records and assets of Riverview pursuant to the sales agreement, and (5) setting aside any agreement of sale between Riverview and Marcap, Inc. As an alternative to injunctive relief, the appellants demanded that the sales agreement be rescinded on the basis of fraud, and that the Lehnerts return all sums paid to them by the appellants, together with incidental expenses, losses, and exemplary damages in the sum of $75,000. Very significantly, and apparently overlooked by the majority, the appellants also sought "[s]uch other remedy as the court may direct."

On March 30, 1973, after a hearing on the request for a preliminary injunction, Judge SILVESTRI of the Allegheny County Court of Common Pleas entered a court order denying "a preliminary injunction and other equitable relief." Subsequent to Judge SILVESTRI'S order, the appellees filed preliminary objections in the nature of a motion for a more specific pleading. Instead of answering these objections, the appellants, on October 17, 1973, filed a complaint in assumpsit[1] against appellees Lehnert, McKee, and Riverview Memorial Park for damages arising from the sales agreement in the sum of $75,000. Specifically, the appellants sought losses and damages for the amounts already paid by them under the sales agreement, the reasonable value of the services rendered by the appellants in behalf of Riverview while they were in possession, loss of earnings of $24,000 per year for twenty years, compensation for irreparable damage to appellants' business reputation, and legal expenses for the successful defense of a criminal action for fraudulent conversion. The last two of appellants' demands arose from a criminal prosecution for fraudu-

---

1. Prior to the filing of the complaint in assumpsit, the appellees Lehnert regained possession and control of Riverview pursuant to a second order entered by Judge SILVESTRI ordering the appellants to give all assets and records to appellees Lehnert.

lent conversion filed by the Lehnerts against the appellants on March 14, 1973, twelve days after the equity action was filed.

Appellees then filed preliminary objections to the complaint in assumpsit, averring that the pendency of the prior equity action was a bar to the subsequent assumpsit action. On September 5, 1974, the lower court sustained appellees' preliminary objection and dismissed the second action. This appeal followed.

The defense of *lis pendens,* or the pendency of a prior action, may properly be raised by preliminary objection. Pa.R.C.P. 1017(b)·(5). Such objection, however, is not effective unless the parties, the causes of action, and the relief sought are *substantially* the same in both actions. *Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669 (1900). The majority cites *Hessenbruch* as authority that *"lis pendens* is a valid defense only when the parties, the causes of action, and the *relief sought* are the same in both actions." While it is true that the Pennsylvania Supreme Court, in *Hessenbruch,* did state that " '[a] plea of former suit pending must allege that the case is the *same,* the parties the *same,* and the rights asserted and the relief prayed for the *same.* . . .' " 194 Pa. at 593, 45 A. at 671 (emphasis added), *quoting Harrisburg v. Harrisburg City Passenger Ry.,* 1 Pa. Dist. Rep. 192 (1892), the court tempered this rule by further remarking that "this is but a concise summary of the weight of authority on the subject." 194 Pa. at 593, 45 A. at 671. The court then proceeded to rule "with perhaps some liberality of construction," 194 Pa. at 594, 45 A. at 671, that "although not the same plaintiffs and defendants, the same persons are embraced in both bills," 194 Pa. at 594, 45 A. at 671, and therefore that the requirements of *lis pendens,* at least in part, were satisfied. It is clear that *Hessenbruch* stands for the proposition that the defense of *lis pendens* is not to be thwarted by technical differences between the two cases in question. The plea of *lis*

*pendens* is therefore properly raised when the parties, the causes of action, and the relief sought are either *substantially,* or, as the majority indicates, *precisely* the same in both actions.

In overruling the lower court, the majority determined that the relief sought by the appellants in the equity action was not the same as the relief sought in the assumpsit action. Specifically, the majority contends that the plea of *lis pendens* could not be sustained because the following demands for relief were included in the assumpsit complaint and not in the equity complaint: (1) loss of earnings for twenty years at $24,000 per year, or the benefit of the bargain; (2) legal expenses for the defense of the criminal prosecution for fraudulent conversion brought by the appellees after the filing of the equity action; (3) compensation for injury to the appellants' business reputation. I agree that the demands for relief in the two actions do not match in technical form; however, a *lis pendens* plea does not become ineffective merely because the forms of the two actions do not manifest a verbal coupling. The primary question is whether the entire relief sought in the second action is attainable in the first action. I believe this question to be affirmatively answered in the present case.

As previously noted, the majority's opinion does not mention that the appellants' equity complaint included a prayer for general relief. Although couched ambiguously, a prayer for general relief in an equity action is not a phrase without meaning. Unlike much of the language now mechanically etched upon legal parchment, this request has existing significance. For example, it is well-established that once having properly obtained jurisdiction,[2] equity may proceed under the prayer for general

---

2. There was proper equity jurisdiction in this case because at the time the complaint was filed, the alleged interference with the appellants' possession and control of Riverview was continuing. *See McGovern v. Spear,* 463 Pa. 269, 344 A.2d 826 (1975).

relief to give complete relief, whether equitable or legal. *E.g., Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Simpson v. Simpson,* 404 Pa. 247, 172 A.2d 168 (1961).; *see also McGovern v. Spear,* 463 Pa. 269, 344 A.2d 826 (1975). Thus, it has been held that equity has the power to render relief beyond that which is specifically requested. *Sigal v. Manufacturers Light and Heat Company,* 450 Pa. 228, 299 A.2d 646 (1973); *Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A.2d 238 (1968). This principle was concisely stated by the Pennsylvania Supreme Court in *Dombrowski*: "As early as 1868 this court recognized that under a general prayer for relief an equity court may grant such relief as is 'agreeable' to the case pleaded and proven even though the relief granted differs from the specific relief prayed for." 431 Pa. at 219, 245 A.2d at 249 (citation omitted). Also, equity may properly award full recovery in the form of money damages, although such relief is legal, rather than equitable, in nature. *Solomon v. Cedar Acres East, Inc.,* 455 Pa. 496, 317 A.2d 283 (1974); *Sigal v. Manufacturers Light and Heat Company,* 450 Pa. 228, 299 A.2d 646 (1973); *Ackerman v. North Huntingdon Township,* 437 Pa. 49, 261 A.2d 570 (1970).

From this review of past law, it is clear that to insure complete relief, the equity court may award the appellants in this case any relief, including money damages, which it deems appropriate.[3] Thus, I believe that the entire relief requested by the appellants in the assumpsit action is attainable from their first action in equity.[4] To hold

---

3. It appears that equity may afford complete relief under a prayer for general relief notwithstanding Pa.R.C.P. 1021, made applicable to equity actions by Pa.R.C.P. 1501, which provides in pertinent part that "[a]ny pleading demanding relief shall specify the relief to which the party deems himself entitled...."

4. In reaching its conclusion that the relief sought in the two cases was the same, the lower court improperly regarded Judge SILVESTRI's order of March 30 as a final decree as to all equitable

otherwise would not only weaken the discretionary powers of the equity court, but would also violate the principle of judicial economy, which is the purpose of a *lis pendens* plea.

Even though similar relief can be obtained, the other requirements of a valid *lis pendens* decree must still be satisfied. In this case, although both actions arise from the agreement to sell Riverview Cemetery, technically the captioned parties are different in the two proceedings. The named defendants in the two actions vary only because Marcap, Inc., is named as a defendant in the equity action and not in the assumpsit action, while Riverview Memorial Park is named as a defendant in the assumpsit action and not in the equity action. I do not believe that the doctrine of *lis pendens* can be avoided merely by adding a nominal defendant to a subsequent action. *See Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669 (1900). And, the record indicates that in the instant litigation the real parties to both actions are the same. The only reference contained in the assumpsit complaint to Riverview Memorial Park as a defendant is in the last paragraph, which reads:

> "17. At all times pertinent hereto, the relevant actions of defendants Lehnert as sole owners of all the stock of defendant Riverview were the acts and actions of defendant Riverview made and done within the course and scope and upon the business of their mutual relationship."

------

relief. As noted by the majority, a trial judge may not treat the hearing on an application for a preliminary injunction as a final order unless so stipulated by the parties. *Drum v. Dinkelacker,* 262 Pa. 392, 105 A. 509 (1918). However, it is well-established that an appellate court may affirm the action of the court below on a different rationale than that advanced by the lower court in support of its order, decree, or judgment. *E.g., Gilbert v. Korvette's, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974) ; *Prynn Estate,* 455 Pa. 192, 315 A.2d 265 (1974).

336

I believe that from this the lower court correctly determined that: "By plaintiffs' own pleadings (Paragraph 17) the Lehnerts, the individual defendants, control and own all of the stock of Riverview, and the liability of Riverview as a defendant can only stem from the liability of the Lehnerts as officers of the corporation. In effect a suit against Riverview is a suit against the Lehnerts and is so considered by the Court."[5]

I would affirm the order of the lower court dismissing the action in assumpsit.

JACOBS, J., joins in this dissenting opinion.

---

5. Although ruling that the real parties to each action were the same, the lower court, and I believe correctly, permitted the appellants to amend their equity complaint to include Riverview Memorial Park as a defendant in that action. Pursuant to this order, the appellants filed an amendment to their complaint on or about September 20, 1974. Accordingly, all of the defendants named in the assumpsit action have been named as defendants in the prior equity action.