445 A.2d 770

**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., LTD., Appellant,**

**v.**

**Peter A. FLAMINI and American Arbitration Association.**

Superior Court of Pennsylvania.

Argued May 13, 1981.

Filed May 14, 1982.

Roger J. Harrington, Philadelphia, for appellant.

John M. Kenny, Media, for appellees.

Before SPAETH, MONTEMURO and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing a complaint in equity. The lower court held that the issue raised by the complaint had been disposed of in a prior action and should not be re-litigated. We affirm.

The claim that lies behind, and leads to, this appeal is a claim by appellee Peter A. Flamini under the uninsured motorist clause of his employer's policy, which was issued by

appellant. Before filing the complaint dismissed by the lower court, appellant filed another complaint in equity, seeking to enjoin arbitration of Flamini's claim. Appellant alleged in that complaint that it had already offered its policy limit and that there was therefore nothing to arbitrate.[1] The lower court, TAKIFF, J., entered an order denying the requested injunction and ordering arbitration to proceed under the rules of the American Arbitration Association, which is to say, at common law.

Appellant did not appeal Judge TAKIFF's order. Instead appellant filed the present action, this time seeking a mandatory injunction that arbitration of Flamini's claim proceed under the Arbitration Act of 1927.[2] Flamini's answer to the complaint included new matter, which was not replied to, pleading that the issues raised had already been litigated in the prior action. The lower court, DOTY, J., evidently with the parties' agreement, treated the answer and new matter as "in the nature of preliminary objections," Slip op. at 3, and dismissed the complaint. In his opinion, Judge DOTY said:

Petitioner [appellant] should not have started a new cause of action which is the matter before this Court. The respondent [Flamini] has correctly argued that Pennsylvania Rules of Civil Procedure, Rule 1017(b)(5) provide for preliminary objections to a complaint based on the " . . . pendency of a prior action." This Court will not undertake to assume control over a matter which was originally heard by another Judge [Judge TAKIFF] of this jurisdiction. If we allowed this then the petitioner, anytime it

1. The exhibits to the complaint disclose that the real dispute concerns Flamini's ability to stack and thereby recover more than the policy limit stated on the face of the policy. The policy covers a fleet of automobiles owned by Flamini's employer. The merits of the stacking issue are not before us.

2. Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. § 161 *et seq.* The Act of 1927 was repealed by the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, No. 142, § 501(c), effective in 60 days. Statutory arbitration is now provided by the Judicial Code, 42 Pa.C.S.A. § 7301–7320. The Act of 1927 was still in effect when this case was decided by the lower court.

felt it had a new issue to litigate would begin a new action and attempt to have a new Judge rule in its favor. The doctrine of res adjudicata and the policy against forum/Judge shopping would be severely harmed.

Slip op. at 4.

On appeal, appellant argues that Judge DOTY erred in referring to "a complaint based on the '. . . pendency of a prior action.'" In appellant's view, even if the complaint heard by Judge TAKIFF was a prior pending action, it was not such a prior pending action as would bar the action before Judge DOTY because the relief requested was that there be no arbitration of Flamini's claim at all, whereas the relief requested in the complaint before Judge DOTY was that arbitration proceed under the Act of 1927. It is not clear, however, that Judge DOTY's decision depended upon the action before Judge TAKIFF being regarded as a prior pending action. While Judge DOTY did refer to Pa.R.C.P. 1017(b)(5), which provides for a preliminary objection to a complaint based on a prior pending action, he also referred to the doctrine of res judicata, which presupposes that a final judgment or its equivalent has been rendered in the prior action. Judge TAKIFF had not in so many words entered a "final judgment" or "final decree;" but he had denied the only relief specifically requested—an injunction against any arbitration—and there was no indication in his order that any further judicial action was to be expected. Pennsylvania law takes a broad view of what constitutes a "final judgment" for purposes of res judicata. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 327 A.2d 72 (1974). A respectable argument could therefore be made that Judge TAKIFF's order was sufficiently conclusive for Judge DOTY to invoke the doctrine of res judicata, which encompasses not only issues actually argued but also issues that could have been argued. *Duquesne Light Company v. Pittsburgh Railways Company,* 413 Pa. 1, 194 A.2d 319 (1963), *cert. denied,* 377 U.S. 924, 84 S.Ct. 1221, 12 L.Ed.2d 215 (1964).

If we regard the action before Judge TAKIFF as a prior pending action rather than a concluded one, still we reach the same result. It is true that the test for dismissal on the basis of a prior pending action is different—and perhaps more narrow—than the test for dismissal on the basis of res judicata, and that sometimes consolidation may be proper when dismissal is not. *Raw v. Lehnert*, 238 Pa.Superior Ct. 324, 357 A.2d 574 (1976). Even so, Judge DOTY had no reason to order the action before him consolidated with the action pending—if it was pending—before Judge TAKIFF. For Judge TAKIFF had not merely denied appellant's request that any arbitration be enjoined. He had affirmatively ordered that arbitration proceed in a particular way—at common law. The record does not disclose what arguments were made before Judge TAKIFF.[3] We may assume—the assumption most favorable to appellant—that the judge heard no argument as to what kind of arbitration should take place, in the event he determined that there should be some kind of arbitration. Nevertheless, the judge did decide that there should be some kind of arbitration. Once he had so decided, rightly or wrongly, with or without support in the record before him, appellant had the duty to appeal his order if it believed the order to be wrong. For whatever reason, appellant did not appeal.

AFFIRMED.

**3.** Appellee Flamini asserts in his Brief, at 10, that Judge TAKIFF in fact "listened to evidence on whether the arbitration should go forward and if so, under what form." Perhaps so. But nothing in the record supports appellee's assertion. Neither appellant nor appellee has filed of record any notes of testimony from the hearing before Judge TAKIFF nor any affidavits as to what was argued before him. The Rules of Appellate Procedure provide that "[t]he original papers and exhibits filed in the lower court, the transcripts of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases." Pa.R.A.P. 1921. We may consider only material duly certified in the record transmitted to us by the lower court. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). Appellee has filed a "Supplemental Reproduced Record," which consists almost entirely of material not included in the record as certified and transmitted to us. We have not given this material any attention in our consideration of this case, and appellee should not have filed it with us.