## L. B. Corporation v. Jessop Steel Company

*Robert W. Lentz* and *George B. Randolph,* for plaintiff.

*William H. Lamb* and *George E. Lieberman,* for defendant.

SMITH, *J.,* May 17, 1985 — This case comes to us on the preliminary objections of defendant, Jessop Steel Company (Jessop). Jessop maintains that this case should be dismissed or stayed because of prior pending actions in the District Court of the Western District of Pennsylvania and in the Court of Common Pleas of Washington County.

On March 13, 1973, Jessop and plaintiff, L. B. Corporation (L.B.) entered a 15-year lease of real estate in Main Line Industrial Park in Chester County. The lease called for a flat annual rent of $53,000 for the first 10 years of the lease, and then an increased rent determined according to the increase of the Consumer Price Index [CPI] as published by the Bureau of Labor Standards of the United States Department of Labor. The parties entered into a second lease on March 16, 1976, for other real estate in Main Line Industrial Park. This lease was for 17 years, and provided a fixed annual rent of $90,401 for the first seven years, and then rent increasing according to the CPI for the next 10

years. From 1973 to 1983, the CPI more than doubled, thus doubling the rent paid by Jessop.

In September of 1983, Jessop filed suit against L. B., C. N. Agnew (Agnew) and George Hamilton (Hamilton), the owners of L. B. in assumpsit in the Court of Common Pleas of Washington County. (360 September term, 1983). The complaint alleges that the parties believed that the CPI would be an accurate barometer of the value of industrial rental property, but that the CPI ended up being an inaccurate measurement. The complaint prays for cancellation or reformation of the leases based on inter alia mutual mistake of fact, commercial frustration, commercial impracticability, and impossibility of performance. Furthermore, the complaint requests that the court issue a declaratory judgment stating the lease terms are impossible to perform. The complaint does not seek money damages.

On October 10, 1983, defendants in the Washington County suit filed preliminary objections. Jessop filed an amended complaint on October 23, 1984, to which defendants filed preliminary objections. On January 2, 1985, the Washington County Common Pleas Court dismissed all defendants except L. B. Furthermore, Jessop was given 20 days to amend the amended complaint. The second amended complaint was not filed until February 13, 1985. L. B. filed preliminary objections to this second amended complaint, claiming among other things that there was a prior pending action in Chester County.

Jessop instituted a second suit on the same leases in United States District Court for the Western District of Pennsylvania against Hamilton and Agnew, (but not L. B.) on December 28, 1983. The district court dismissed the case on August 30, 1984, for failure to join L. B. as an indispensible party.

Jessop's appeal from this decision to the Third Circuit has been dismissed.

This case was filed September 4, 1984, and thus came after the cases in Washington County and the Western District were commenced, but before the filing of the amended and second amended complaints in the Washington County case. Jessop has filed supplements to its preliminary objections here, averring the events related above, most of which occurred after the filing of the original preliminary objections. L. B. maintains that the parties, right of recovery and relief sought in this case differ from the other two so that they cannot be prior pending actions.

There are several issues that this case presents to us: First, in ruling on preliminary objections raising the pendency of a former action, may we consider actions which arise after the filing of those objections? Second, for purposes of a lis pendens objection, does a case commence from the original complaint, or from the most recent amendment of that complaint. Finally, is the Washington County case a prior pending action? We now address these issues.

## I. Consideration of Subsequent Actions

L. B. maintains that the defense of prior pending action is examined at the time the objection is filed and not at a subsequent time. Thus, L. B. argues, the dismissal of the various defendants in the Washington County cases, which occurred after Jessop's objections were filed, cannot be considered here. L. B. refers us to 2 Goodrich-Amram §1017(b):15, p. 95 (1976) which provides:

"A defense of prior pending action must be read as of the time the preliminary objection is filed. If, prior to the date, the prior action has been dismissed, the defense is no longer available. However,

an action in another jurisdiction, which has been discontinued but in which proceedings to strike off the discontinuance are pending and undisposed of, will support a plea of lis pendens." Id.

The reason the defense of lis pendens exists is to prevent several suits pressed for the same cause of action at the same time. Feather v. Hustead, 254 Pa. 357, 98 A. 971, 973 (1916). The section of Goodrich-Amram quoted above furthers this policy: despite the fact that a particular case might be pending when a second action is commenced, if that first action is discontinued as of the filing of the preliminary objections, it is no longer pending. Also courts may consider the discontinuance of a case *after* the preliminary objection. Hershey v. H. S. Kerbaugh, 242 Pa. 227, 88 Atl. 1009 (1913). If the prior pending action proceeded to trial after the preliminary objections in the second case were filed, it would certainly violate the policy of lis pendens for a court in the subsequent action to ignore such a development. Thus, L. B. misunderstands the meaning of the aforementioned authority. Hence, we hold that we may consider circumstances which arise after the filing of objections based on the pendency of a former action.[1]

## II. Determining the Commencement of the Second Action

Next we must determine when the action in Washington County commenced in order to deter-

---

1. We note that L. B., in its response to Jessop's supplement to its preliminary objections, itself avers facts which occurred after the filing of the preliminary objections. If we were to accept L. B.'s first argument (id est, that we cannot examine events after the filing of the preliminary objections) then L. B.'s second argument, examined below, would automatically fail, in that we would not be able to consider the matters raised

mine whether it is even a former action. As we noted above, the first complaint was filed October 4, 1984, 11 months before the case before us was begun. However, the amended complaint in that action was filed October 23, 1984, and the second amended complaint filed February 13, 1985, both after the filing of the case at bar. L. B. maintains that the filing of the amended complaint is a withdrawal of the original complaint, and the beginning of a new action, so there is no longer a *prior* action pending. Jessop responds that an amended complaint merely continues the original action.

An amendment to a complaint generally relates back to the original filing of the original complaint. The original complaint. is thus treated as if it had been originally drawn in the form in which it appears as amended. An amended complaint relates back for the purposes of statutes of limitations, Connor v. Allegheny General Hospital, 501 Pa. 306, 461 A.2d 600 (1983) and for proper jurisdiction, Zalewski v. United Mine Workers, D. & C. 3d 231 (1978). See 5 Standard Pennsylvania Practice §24:77, pp. 132-133 (1982). As an amended complaint does not remove the original from the record, we hold that the second amended complaint here relates back to the first complaint of October 4, 1983, and therefore predates the filing of the instant action.

### III. Whether the Cases in the Western District of Pennsylvania and Washington County are Prior Pending Actions.

We now get to the central issue raised by Jessop's preliminary objections: Is the case before us barred by a former action pending in another jurisdiction?

---

in the second amended complaint in the Washington County action.

The basic test for lis pendens was stated thus:

"A plea of former suit pending must allege that the case is the same, the parties are the same, and the rights asserted and the relief prayed for the same; and where the proof of the plea can be ascertained by an inspection of the record, the court will determine the question without a reference." Hessenbruch v. Markle, 194 Pa. 581, 593, 45 Atl. 669, 671 (1900). It thus is necessary that the party raising lis pendens actually show that the cases are identical.[2]

With the order of December 31, 1984, of the Court of Common Pleas of Washington County, there remain only two parties in the case before that court: Jessop and L. B. Hence, we do have identical parties with that case.[3]

---

2. See Commonwealth ex rel. Lindsley et al. v. Robinson, et al., 30 Pa. Commw. 96, 372 A.2d 1258 (1977) where respondent in a harassment, disciplinary misconduct suit merely stated that prior actions in federal court related to conditions of the prisoner's confinement were pending. Without a showing that the parties, rights asserted, and relief sought were identical, the preliminary objections were dismissed.

3. The federal suit is no longer a pending action. Even so, the parties in the action before us and the federal action were not the same. In the federal action, Jessop sued Hamilton and Agnew, but not L. B. Jessop has argued that L. B. is a sham corporation and that the corporate veil should be torn away. It therefore claimed that once the corporate facade is gone, L. B. is the same as Hamilton and Agnew. In Glazer v. Cambridge Industries Inc., 281 Pa. Super. 621, 422 A.2d 642 (1980), three suits arose out of a shareholders agreement between an Arnold Cohen and an Abraham Glazer to create Leader Industries Inc. In one suit against Glazer, Glazer counterclaimed against Cohen alone. In another suit, Glazer sued Cambridge Industries, a corporation wholly owned by Cohen. Cambridge thereupon raised the defense of lis pendens. The Superior Court wrote:

"While Cambridge is a party to the instant April action, Cohen is not. The fact that Cohen owns all the stock of Cam-

Now we address the more difficult question of whether rights asserted and relief requested in the two cases are identical. In the second amended complaint in Washington County, brought as a civil action (originally in assumpsit) Jessop prays for, among other things, rescission or reformation of the leases, and also a declaratory judgment that the leases are impossible to perform. As such, though brought at law, these are equitable remedies. In the cases before us, L. B. brings a straightforward contract action, asking for the rent due from Jessop since 1981.

In Pennsylvania, an action in equity will not abate a legal action.

In Raw v. Lehnert, 238 Pa. Super. 324, 357 A.2d 574 (1976), the Superior Court wrote than an action for rescission and restitution are not the same as an action for monetary damages. "These are requests for different kinds of relief and therefore the preliminary objection based upon the pendency of a prior suit was not appropriate here." Id. at 329, 357 A.2d at 576.

In Kramer v. Kramer, 260 Pa. Super. 332, 394 A.2d 577 (1978), the parties entered a support agreement under which plaintiff gave defendant one-half the house, and defendant promised to pay support. Plaintiff sued in equity when defendant

---

bridge Industries does not mean that they are one and the same. A corporation is a distinct and separate entity, irrespective of the ownership of the stock, and the fact that one person owns all its stock does not make his and the corporation one and the same." Id. at 625, 422 A.2d at 644.

This reasoning holds true here. L. B. is a separate entity from Agnew and Hamilton. As such, the federal court action does not have the same parties as the case before us. Hence, it is not a prior pending action.

filed to pay support, seeking partition of the house, or a judgment note. Defendant objected, maintaining that a support and custody action existed in Philadelphia and thus the present case was barred. The court wrote:

"Generally, a pending equity action is deemed not to be the same as the corresponding legal action when the remedies being pursued are different, even if both actions arose out of the same factual situation. (Citations omitted.) In the present case, the remedies being pursued are not the same as those in the prior action. Although appellee is seeking an award of support based upon the written agreement in both actions, in the equity action in Montgomery County, she prays for an alternative remedy of reconveyance and partition of the former material domicile, a remedy that is not being pursued in the Philadelphia action." Id. at 340-41, 394 A.2d at 582. See also Koppenheffer v. Humble Oil & Refining Co., 40 D. & C. 2d 259, (1966) which held that an action in specific performance was not the same as an action in ejectment. See generally 2 Goodrich-Amram §1071(b)(5):15, p. 92-95 (1976).

These authorities thus consistently stand for the proposition that the pendency of an action at law cannot abate an action at equity, and vice versa.[4]

---

4. There are cases which hold that actions on one side of the court will bar actions on the other side. In Myshko v. Galanti, 453 Pa. 412, 309 A.2d 729 (1973), plaintiff agreed to sell his business to defendant in exchange for $59,800. When defendant repudiated, plaintiff sued in assumpsit. While that action was still pending, plaintiff also filed in equity seeking an injunction preventing the use of his former business and business name. The court held that a law action pending with the same controversy and the same issues will bar an action on the equity side of the court. However, this case was merely decided on the basis of election of remedies, not lis pendens. As a general rule, a plaintiff may have as many remedies as the law

Here, not only does the different form of relief prevent a claim of lis pendens, but the disposition of the Washington County case would not automatically grant the relief that L. B. seeks. If Jessop was

---

provides, provided they are consistent. If one remedy negates the other, an election can be required. Cunningham v. Joseph Horne Co., 406 Pa. 1, 176 A.2d 648; Raw v. Lehnert, supra; Nuside Metal Products Inc. v. Eazor Express Inc., 189 Pa. Super. 593, 152 A.2d 275 (1959). As plaintiff sought to recover damages and bar defendant from benefiting from the contract at the same time, his remedies were inconsistent.

In Herzog et al. v. Witco Chemical Corporation, 447 Pa. 202, 290 A.2d 256 (1972) defendant instituted an action in ejectment. While that case was pending, the plaintiffs filed in equity seeking a determination that defendant was estopped from terminating their leases. The court upheld the chancellor who granted defendant's lis pendens objection. However, the court used a broader test, closely akin to res judicata, rather than the usual, more narrow lis pendens test. The court reasoned that the estoppel principle would be an effective defense against the ejectment action. Though the court appeared to use the res judicata test for lis pendens, they made no announcement of such a test. Thus, Pennsylvania still uses a narrower test. See General Accident Fire & Life Assurance Corp., Ltd. v. Flamini, 299 Pa. Super. 312, 445 A.2d 770 (1982) (where the court wrote that "the test for dismissal on the basis of prior pending action is different — and perhaps more narrow — than the test for dismissal on the basis of res judicata." Id. at 317, 445 A.2d at 773.)

Many of our sister states use the res judicata test. See Lord v. Garland, 27 C.2d 840, 168 P.2d 5 (1946), where the California Supreme Court wrote "a plea in abatement may be maintained only where the claim sued upon in the second action is such that a final judgment in the first one could be pleaded in bar as a former adjudication." Id. at ____, 168 P.2d at 10. See also In re Sullivan's Estate, 264 App. Div. 65, 34 N.Y.S.2d 503, rev'd on other grounds, 289 N.Y. 323, 45 N.E.2d 819 (1942) which held "The test [for lis pendens], therefore, usually is whether a determination in the pending proceeding will be res judicata and a bar to the maintenance of a subsequent proceeding." Id. at ____, 34 N.Y.S.2d at 507. See also Wilkinson v. Wilkinson, 48 Luz. L.R. 223 (1958).

merely granted a reformation of the leases, or if all its relief prayed for was denied, L. B. would still have to take action to recover the rent not paid under the leases. Furthermore, as the rights asserted and the relief requested differ, the evidence required for both matters differ: one seeks to invalidate the leases, the other seeks to prove breach of allegedly valid leases. Hence, these two cases differ not only on the causes of action (reformation v. breach) but also on the remedies sought (reformation, declaratory judgment v. damages). We find that the suit in Washington County is not a prior pending action. Jessop's preliminary objection based on the pendency of the former action is therefore denied.

Despite the fact that the lis pendens objection fails, these cases are so intertwined that one naturally depends on the other. The disposition of the case in Washington County, if it were determined before this case went to trial, would effect the relationship of the parties. If the Washington County Court finds that there was a mutual mistake of fact, if would alter the award, if any, given in this case; hence, it would be prudent to await the result of the suit in Washington County.

It is within our power to stay this action pending the outcome of the proceedings in Washington County. Radio Corp. of America v. Rotman, 411 Pa. 630, 192 A.2d 655 (1963); Klein v. City of Philadelphia, 77 Pa. Commw. 251, 465 A.2d 730 (1983). Thus, we will stay the proceedings of this case until the Court of Common Pleas of Washington County reaches a final disposition of the case before it.

## ORDER

And now, this May 17, 1985, upon the reasons stated above, we dismiss the preliminary objections

of defendant, Jessop Steel Company, based on the pendency of a prior action. We stay this action until the case of Jessop Steel Company v. L. B. Corporation (September, 1983 no. 360) in Washington County, Pennsylvania reaches final disposition.