Wong v Wong (2025 NY Slip Op 02746)

Wong v Wong

2025 NY Slip Op 02746

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 656436/18|Appeal No. 4282-4283|Case No. 2024-00340 2024-00346|

[*1]Steve L. Wong, as Trustee of Ngan Hoi Wong Irrevocable Trust, et al., Plaintiffs-Respondents-Appellants,
v
Dixon Wong, et al, Defendants-Appellants-Respondents.
Wai-Loon, Inc., Counterclaim Appellant-Respondent,
v
Steve L. Wong, et al., Counterclaim Defendants-Respondents- Appellants.

The Law Offices of Seth M. Weinberg, PLLC, Hauppauge (Seth M. Weinberg of counsel), for appellants-respondents.
Bruce N. Lederman, New York, for respondents-appellants.

Order and judgment (one paper), Supreme Court, New York County (Melissa A. Crane, J.), entered December 28, 2023, which, to the extent appealed from as limited by the briefs, following a nonjury trial, found that plaintiff-counterclaim defendant Steve L. Wong (Steve) was the sole owner of 100% of the shares of counterclaimant Wai-Loon, Inc., the sole owner of real property located at 57 Bay 25th Street in Brooklyn, and the owner of a 75% interest in a condominium apartment Unit 5V located at 50 Bayard Street in Manhattan, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 18, 2023 unanimously dismissed, without costs, as subsumed in the appeal from the aforementioned order and judgment.
A fair interpretation of the evidence presented to Supreme Court supported its finding that the 2018 powers of appointment executed by the testators were valid and enforceable under the Estates, Powers and Trusts Law. Articles II C and VIII K of the trust instruments manifested the testators' intention to retain the power to appoint and change trustees and beneficiaries, as did the 2017 powers of appointment. Thus, the requirements of EPTL 10-9.1, which provides that a power of appointment is irrevocable unless the donor reserves the right to revoke it, were satisfied. In addition, sufficient credible evidence supported the court's finding that the testators understood the documents that they were signing.
Steve is not barred by the doctrine of res judicata from contesting Dixon Wong's and Erica Wong's interest in Wai-Loon in this action, which Steve brought in his representative capacity as trustee of the trusts at issue. In a previous action between the parties, Dixon and Erica sued Steve individually. The parties signed a settlement agreement in that action, in which Steve agreed not to contest Dixon's and Erica's ownership of shares of Wai-Loon. However, Steve entered into that settlement agreement in his individual capacity, not his representative capacity; therefore, his claims in this action, brought in his representative capacity, are not barred (see Matter of Sullivan, 289 NY 323, 325-326 [1942]).
There was sufficient documentary evidence in the record to support the court's conclusion that decedent Chun Hing Yauwong received 50 shares of Wai-Loon when it was formed in 1978 and that she transferred those shares to the trusts (see Wong v Hsia Chao Yu, 160 AD3d 549, 549-550 [1st Dept 2018]).
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025